JAMES F. VOGT, APPELLANT, *v.* H. BALDWIN, SHERIFF, RESPONDENT.

[Submitted October 26, 1897. Decided November 22, 1897.]

1. Although the declarations of an assignor made subsequent to the assignment may not be admissible for the purpose of showing fraud, still upon cross-examination he may, for the purpose of impeachment, be asked if he had not made certain specific declarations relating to the purpose for which the assignment was made.
2. A specification of error in a statement of the case on motion for new trial, is sufficient, when it calls the attention of the court to the ruling complained of.

*Appeal from District Court, Flathead county; Charles W. Pomeroy, Judge.*

CLAIM AND DELIVERY by James F. Vogt, assignee of Allen B. Johnston, against H. H. Baldwin, sheriff of Flathead county. From an order granting defendant's motion for new trial after a verdict for plaintiff, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action in claim and delivery of certain personal property, consisting of a stock of merchandise described in the complaint. The plaintiff is the assignee of one Allen B. Johnston. The defendant is the sheriff of Flathead county.

It appears from the record that on the 21st day of February, 1895, Allen B. Johnston made an assignment of the personal property in question to the plaintiff for the benefit of creditors. On the following day the plaintiff, as such assignee, took possession of the stock of merchandise in question. On the 6th day of March following, the defendant, as sheriff of Flathead county, levied several writs of attachment upon said stock of merchandise, and took the possession thereof from the plaintiff. The suits in which the attachments were issued were commenced in Flathead county by several creditors of Allen B. Johnston. On the 25th day of March, the plaintiff, as assignee of said Johnston, commenced this action for the recovery of the possession of the property mentioned in the complaint.

The defendant admitted the taking of the property, but justified the taking thereof under the writs of attachment aforesaid; denied that the plaintiff was the owner of the goods, as alleged in the complaint, at the time he took possession thereof, or at any time, but alleged that plaintiff was simply the agent of Allen B. Johnston and others. The defendant further alleged, on information and belief, that the assignment made by Allen B. Johnston to plaintiff, Vogt, was fraudulent and void, and made for the purpose of hindering and defrauding the creditors of said Johnston. The replication denied the affirmative matters pleaded in the answer.

The case was tried to a jury, and resulted in a verdict for the plaintiff. Thereafter the District Court granted defendant's motion for a new trial. From this order the plaintiff appeals.

*R. L. Clinton, W. D. Hill,* and *C. B. Nolan,* for Appellant.

*C. H. Foot, W. N. Noffsinger,* and *John F. Duffy,* for Respondent.

Pemberton, C. J.—During the trial of the case the court permitted the defendant to ask the witness A. B. Johnston, the

assignor of the property mentioned in the complaint, on cross-examination, if he had not stated, at different times and places mentioned, after the assignment, to certain persons, that at the time he made the assignment he did not owe one Hall anything; Hall being one of the preferred creditors for a large amount, named in the deed of assignment. The court also permitted the witness, on cross-examination, to be interrogated as to statements he had made, as to the value of the property assigned, tending to contradict the testimony of the witness as to the value thereof. These statements, as to what the witness said about owing Hall nothing, and about the value of the goods, it is conceded were made after the assignment. The questions were all put and the statements made with a view to impeaching the credibility of the witness A. B. Johnston, and the entire examination of the witness was over the objection of the plaintiff.

At the close of the testimony of the plaintiff, the court made this order in relation to the testmony of witness Johnston, above referred to: ''All testimony of the witness Johnston, as to admissions made subsequent to the date of assignment, offered for the purpose of laying the ground for impeachment, as stated by defendant's counsel, and objected to by plaintiff's counsel, is stricken out.''

To this action of the court the defendant objected at the time, and made such action the basis of assignment No. 18 in his assignment of errors, which is as follows:

''The court erred in striking out the testimony of witness A. B. Johnston as to admissions made subsequent to the date of the assignment offerred by defendant, for the purpose of laying grounds for impeachment.''

In sustaining the motion for a new trial the court says it did so because it was convinced that its action in striking out this testimony was erroneous. The plaintiff contends that the court erred in granting a new trial.

Counsel for the appellant argues that the court erred in permitting the witness Johnston to be interrogated as to any statements he made after the assignment as to whether he owed

Hall, or in relation to the value of the stock of goods at the the time of the assignment, for the reason, as he says, that it was not competent to attack the assignment by any statements the assignor might make thereafter, and that, all such statements being incompetent and immaterial, he could not be impeached on account of having made them.

Counsel may be right in his argument that the assignment could not be impeached by statements of the assignor made thereafter. But we think there is a difference between impeaching an assignment and impeaching a witness by proving contradictory statements made by the witness after the assignment. The object of the examination of the witness was not to impeach the assignment, but to impeach the credibility of the witness. He had testified as to how much he owed to Hall, and as to the value of the stock of goods at the time of the assignment. He was one of the chief witnesses for the plaintiff. The defendant had a right to test the credibility of the witness by a proper cross-examination as to anything connected with the issues being tried. The jury was entitled to have the witness so examined as to be able to pass upon his credibility. So that we think it was permissible to so cross-examine the witness as to any matter connected with his testimony in chief as to determine his credibility. The cross-examination was certainly so connected with the main issue as to be incidentally connected with the subject of the action.

Treating of this subject, the court in *Seller* v. *Jenkins*, 97 Ind. 430, said : "The effect of proving contradictory statements extends no further than the question of credibility. Such evidence does not tend to establish the truth of the matters embraced in the contradictory statements; it simply goes to the credibility of the witness. (*Davis* v. *Hardy*, 76 Ind. 272; *Hicks* v. *Stone*, 13 Minn. 434, Gil. 398.) This consideration, in itself, supplies a strong reason for allowing a liberal latitude in cross-examining, for the purpose of laying a foundation for impeachment, for a witness who tells a falsehood concerning a matter incidentally connected with the subject of the action is as likely to testify untruly as if the false-

hood had directly affected the issue.    It is difficult to perceive why a material falsehood concerning a matter collaterally related to the main question is not as effective against the credibility of the witness as one immediately bearing upon the question.''

And in *Davis* v. *Hardy,* 76 Ind. 272, where the same principle was involved which we are here discussing, the court said :    ''There was also the testimony of one witness that Edwards had said to him that he (Edwards) had paid Fisher, and that the assignment to the appellee was a sham.    This evidence was admissible for the purpose of discrediting Edwards, but for no other purpose.    It did not, as against the appellee, tend to show the truth of the statement so claimed to have been made by Edwards.    It was not evidence in support of the appellant's answer.''

In *Hicks* v. *Stone,* 13 Minn. 434 (Gil. 398), where this question was treated, the court said :    ''The fact that the statements, the proof of which was objected to, were the declarations of the alleged fraudulent vendors, does not affect their competency for the purpose of impeachment.''

While the testimony stricken out by the court may not have been competent for the purpose of impeaching the deed of assignment, it was, we think, competent for the purpose of impeaching the witness.

Appellant contends that the specification of error contained in assignment No. 18, upon which the new trial was granted, was defective, and that the court should have disregarded it on the hearing of the motion.

The object of the assignment of error is to call the attention of the court to the action complained of.    The court certainly had its attention sufficiently called to the action complained of by the assignment in question, for in its order the court particularly refers to it, and grants the new trial on account thereof.    The action of the District Court in granting or refusing a motion for a new trial has always been considered by this court largely discretionary.    We see no such

abuse of discretion on the part of the court in this case as to demand a reversal of the order appealed from.

The order and judgment of the District Court are affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.