FOURNIER, RESPONDENT, v. COUDERT, APPELLANT.

(No. 2,309.)

(Submitted October 8, 1906. Decided November 12, 1906.)

*Appeal—New Trial—Review—District Courts—Discretion.*

Appeal—New Trial—When Order Granting It will be Affirmed.
  1. Where a motion for a new trial was made upon the grounds of newly discovered evidence, insufficiency of the evidence to justify the finding, and that the finding was against law, and the order sustaining it did not designate on which of the grounds it was made, the order will be affirmed if justified on any one of the grounds mentioned in the motion.

Same—Review—New Trial—Conflicting Evidence—District Courts—Discretion.
  2. In the district court is lodged the sound legal discretion to grant or refuse a new trial in a case where the evidence is conflicting, and its action in the premises will not be reviewed on appeal except for a manifest abuse of such discretion.

Same—Review—New Trial—Finding Against Evidence—District Courts—Discretion.
  3. If in the opinion of the trial court the evidence in a given case preponderates against the finding of the jury, it should be set aside, and where its action in granting a motion for a new trial can be justified upon that theory, the supreme court on appeal will not say that it abused its discretion in granting the motion.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by Josephine Fournier against Marguerite Coudert. From an order granting plaintiff's motion for a new trial, defendant appeals.     Affirmed.

*Messrs. McIntire & Kendall,* for Appellant.

*Mr. D. F. Smith,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced by Josephine Fournier to enforce a vendor's lien upon certain real estate situated in Kalispell. In the first paragraph of the complaint the plaintiff alleges that she sold to the defendant the property therein described, for which the defendant agreed to pay her the sum of $750. The complaint further alleges that defendant has failed to pay any part of the purchase price, except the sum of $45. The plaintiff claims a vendor's lien upon the property for $705, the balance of the purchase price. The answer admits the allegations of paragraph 1, but denies every other allegation in the complaint. The cause was tried to the court sitting with a jury. The jury returned a special finding to the effect that nothing remained unpaid on the purchase price of the property. The plaintiff moved for a new trial upon the following grounds: (1) Newly discovered evidence; (2) insufficiency of the evidence to justify the finding; and (3) the finding is against law. After a hearing this motion was sustained in an order general in its terms. From that order the defendant appeals.

Counsel for appellant in their brief proceed upon the theory that the court granted the motion for a new trial upon the ground of newly discovered evidence, and argue that there was not a sufficient showing of diligence on the part of the plaintiff to warrant the court in considering that ground of the motion. With this argument of counsel and their conclusion we agree. But there is not anything in the record to justify their conclusion that the decision of the trial court was based upon

the ground of newly discovered evidence. The only issue tried was whether the purchase price had been paid. Upon that issue there was a direct conflict in the testimony. The motion was made upon at least three distinct grounds. The order sustaining does not designate on which of the grounds it was made. The order will be affirmed, then, if justified upon any one of the grounds of the motion. (*Case* v. *Kramer, ante,* p. 142, 85 Pac. 878; *Gillies* v. *Clarke Fork Coal M. Co.,* 32 Mont. 320, 80 Pac. 370; *Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820; *Beach* v. *Spokane R. & W. Co.,* 25 Mont. 367, 65 Pac. 106.)

It is a well-settled rule in this state that, where the evidence is conflicting, the granting or refusal of a motion for a new trial is lodged in the sound legal discretion of the trial court. (*Case* v. *Kramer,* above; *State* v. *Landry,* 29 Mont. 218, 74 Pac. 418; *O'Rourke* v. *Sherman,* 23 Mont. 310, 58 Pac. 810.)

In *Hamilton* v. *Nelson,* 22 Mont. 539, 57 Pac. 146, this court said: "Whether or not a new trial should be granted for the reason that the verdict is against the weight of the evidence is a question peculiarly within the sound legal discretion of the trial judge, who has the advantage of seeing the witnesses, of hearing their testimony orally delivered, and of observing their demeanor and conduct upon the stand; hence the exercise of such discretion will not be disturbed by this court." And it is only in case of a manifest abuse of the discretion that this court can interfere. (*Case* v. *Kramer,* above; *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057; *Haggin* v. *Saile,* 14 Mont. 79, 35 Pac. 514.)

If the judge of the trial court is satisfied that the finding of the jury is not warranted by the evidence—that is, that the evidence preponderates against the finding—such finding should be set aside. (*Harrington* v. *Butte & Boston M. Co.,* 27 Mont. 1, 69 Pac. 102; *Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407, and cases cited.)

The action of the trial court in granting the motion for a new trial can be justified upon the theory that the court concluded that the evidence preponderated against the finding; and, as the judge of that court had a much better opportunity to weigh the

evidence, from personal observation of the witnesses while testifying, than is afforded to the members of this court, we cannot say that the trial court abused its discretion in granting the motion. The order is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN, having been absent, takes no part in the foregoing decision.