.WALSH, Appellant, v. CONRAD, Respondent.

(No. 2,357.)

(Submitted January 16, 1907.   Decided February 2, 1907.)

(88 Pac. 655.)

*New Trial—Appeal—District Court—Discretion—Review.*

New Trial—When Order Granting It Will be Sustained—Appeal.
   1.   Where an order granting a new trial does not specify the particular
   ground upon which it was based, it must be sustained if it can be done
   upon any ground of the motion.
Appeal—New Trial—Conflict in Evidence—Discretion.
   2.   Where the evidence is conflicting, an application for a new trial
   is addressed to the sound discretion of the trial court, and its decision
   will not be disturbed in the absence of a clear showing of an abuse of
   that discretion.

*Appeal from District Court, Deer Lodge County; George B. Winston, Judge.*

Action by M. J. Walsh against Eugene L. Conrad, administrator.   From an order granting defendant a new trial, plaintiff appeals.   Affirmed.

*Messrs. Rodgers & Rodgers,* and *Mr. J. R. Boarman,* for Appellant.

*Mr. W. H. Trippett,* and *Mr. T. P. Stewart,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover the sum of $293.   In 1905 the plaintiff was coroner of Deer Lodge county.   By occupation he was an undertaker.   In May of that year Gabriel Danielson, a wood-chopper, committed suicide near Anaconda.   The plaintiff was notified by Danielson's employer, and, as coroner, took

charge of the body, and as undertaker, buried it. For his services in getting the body, clothing it, furnishing a casket, and conducting the funeral, the plaintiff presented to the administrator of Danielson's estate a bill for $293, which was allowed for only $150. This latter sum was not accepted, and this action resulted.

The case was tried to the court sitting with a jury. A verdict was returned in favor of plaintiff for the full amount of his claim, and judgment was entered on the verdict. The defendant moved for a new trial. The motion was sustained, and a new trial granted in an order as follows: "In this cause the motion for a new trial is this day by the court sustained, and a new trial granted, to which ruling of the court the plaintiff by his counsel excepted." From this order, the plaintiff appeals. Subsequent to the filing of the record on appeal, Eugene L. Conrad was substituted as administrator of the estate of Gabriel Danielson in place of J. S. Wisner, deceased.

Since the order of the trial court does not specify the particular ground upon which it was granted, it must be sustained if it can be done upon any ground of the motion. (*Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455.) One ground of the motion was insufficiency of the evidence to justify the verdict. Where the evidence is conflicting, the application for a new trial is addressed to the sound legal discretion of the trial court, and its decision will not be disturbed in the absence of a clear showing of abuse of that discretion. (*Fournier* v. *Coudert,* above.)

The real question in controversy in the trial of this case was: What was the reasonable value of the services rendered by the plaintiff, taking into account the station in life of the deceased and the amount of the estate left, which was $525? Upon this question there was a conflict in the evidence, and, as the trial court, which had the witnesses before it, was in a much better situation to judge of the sufficiency of the evidence to sustain the verdict than is this court, we cannot say that this record discloses any abuse of discretion on the part of the court in set-

ting aside the verdict and granting a new trial, and the order is therefore affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.