WHITE ET AL., RESPONDENTS, *v.* BARLING, APPELLANT.

(No. 2,478.)

(Submitted January 16, 1908.    Decided January 25, 1908.)

[93 Pac. 348.]

*Water Rights—New Trial—Appeal—Findings—Insufficiency of
Evidence—Discretion—Jury—View of Premises.*

New Trial—When Order Granting It will be Affirmed.
1.    Where a motion for a new trial is based upon a number of grounds,
and the court, in granting it, does not specify the particular one
upon which it does so, its action will be approved on appeal if justi-
fied upon any one or more of the grounds of the motion.

Same—Findings—Evidence—Insufficiency—Discretion.
2.    A motion for a new trial, on the ground that the findings are not
supported by the evidence, is addressed to the sound legal discretion
of the trial court, and its order will not be disturbed, except in a case
of manifest abuse of such discretion.

Same.
3.    Where the evidence in a water right suit did not preponderate in
favor of a finding, attacked upon a motion for a new trial for insuffi-
ciency of the evidence to sustain it, but was conflicting and of such
a character that different courts might reasonably have differed as
to the weight of it, an order granting the new trial will be affirmed.

New Trial—Equity Cases—Findings—Modification.
4.    A litigant, in an equity case, has the right to move for a modifi-
cation of a finding, or ask for a new trial; hence, a trial court can-
not dictate the moving party to pursue the former method, so as
to save the trouble and expense of a retrial.

Water Rights—Ditches—View by Jury—Findings—Evidence—Insufficiency
—New Trial.
5.    The fact that in a water right suit, in which one of the prin-
cipal questions at issue was the capacity of a ditch as of the date of

appropriation,—three years and seven months prior to the date of trial, —the jurors were permitted to view the premises, was no ground for the denial of a motion for a new trial, based upon the insufficiency of the evidence to sustain a finding upon the question, where it appeared that in the interim between the date of appropriation and the time of trial the ditch had become greatly out of repair, so that the view had by the jury could not have been of much, if any, assistance to them in determining its capacity at the date of appropriation.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by William D. White and another against Fred W. Barling. Judgment for defendant, and from an order granting a new trial to plaintiffs, he appeals. Affirmed.

STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.

This is an action to determine the relative rights of the parties to the use of the waters of Blue creek, a tributary of Yellowstone river. Upon the trial a large number of special interrogatories were submitted to the jury and answered. These special findings were approved by the court, and a decree in conformity therewith rendered and entered. The plaintiffs then moved for a new trial, specifying as one of the grounds, among others, insufficiency of the evidence to sustain certain of the findings. The court, in an order general in its terms, sustained the motion, and the defendant has appealed from the order granting a new trial.

*Mr. T. S. Hogan,* and *Mr. M. J. Lamb,* for Appellant.

*Mr. O. F. Goddard,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

It must be conceded to be the rule, now firmly established in this jurisdiction, that, where a trial court has granted a motion for a new trial in an order such as the one

before us, which does not specify the particular ground upon which it was granted, the action will ·be approved by this court, if it was justified upon any one or more of the grounds of the motion.   (*Walsh* v. *Conrad,* 35 Mont. 68, 88 Pac. 655; *Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455; *Case* v. *Kramer,* 34 Mont. 142, 85 Pac. 878; *Gillies* v. *Clarke Fork Coal Min. Co.,* 32 Mont. 320, 80 Pac. 370; *Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820; *Beach* v. *Spokane R. & W. Co.,* 25 Mont. 367, 65 Pac. 106.)   It is also well settled that a motion for a new trial, upon the ground that the findings are not supported by the evidence is addressed to the sound legal discretion of the trial court, and its order will not be disturbed, except in a case of manifest abuse of such discretion.   (*Fournier* v. *Coudert,* above; *Case* v. *Kramer,* above; *Vogt* v. *Baldwin,* 20 Mont. 322, 51 Pac. 157; *Murray* v. *Heinze,* 17 Mont. 359, 42 Pac. 1057; *Haggin* v. *Saile,* 14 Mont. 79, 35 Pac. 514.)

One of the principal questions in issue in this case was the capacity of a certain ditch owned by the plaintiffs, and by means of which they conveyed water to their lands; and it was of particular importance to determine the capacity of this ditch at the date of defendant's appropriation, September 19, 1902, which was three years and seven months prior to the date of the trial.   The jury found that such capacity was thirty miners' inches, and this finding (No. 28) was approved by the court. Upon motion for new trial this particular finding was attacked, as were others, and, after a hearing, the trial court granted the motion.

Upon the question submitted, and of which finding No. 28 is the answer, the evidence offered by the respective parties was extremely conflicting, and it appears to us that different courts might reasonably differ as to the weight of the evidence so offered.   At least, we are not prepared to say that this record discloses that the evidence upon that subject preponderates in favor of that finding.   If the trial court came to the conclusion that finding No. 28 was not supported by the evidence,— that is, that the evidence preponderated against that finding,—

then it was the duty of the court to set it aside. (*Harrington* v. *Butte & Boston Min. Co.,* 27 Mont. 1, 69 Pac. 102; *Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407.)

But it is said that this finding No. 28, or any other one to which plaintiffs took exception, might have been corrected upon motion to modify the findings, without putting the parties to the trouble and expense of a new trial, and in this appellant is correct. But under our cumbersome practice a litigant in an equity case may move for a modification of the findings, or may move for a new trial, and we know of no rule of law which authorizes a court to dictate to a litigant which method he shall pursue. Plaintiffs did not ask the court for a modification of the findings, but did ask for a new trial, and with their selection of the remedy to be pursued we cannot interfere.

But it is earnestly contended by appellant that, since the trial court directed a view of the premises, and such view was had, the court thereafter abused its discretion in setting aside the findings made. While under some circumstances this argument might be advanced with great force, we think it can hardly be done in this instance. As said above, the effort was directed to a determination of the capacity of plaintiffs' old ditch, as of the date of defendant's appropriation, which was more than three years prior to the date when the jurors viewed the premises; and the evidence tends very strongly to show that during that interval the ditch had become greatly out of repair by reason of stock running over it, the ditch being located for a considerable distance along a hillside. So that, so far as this record discloses, the jurors could not have received very much assistance, if any, by reason of the view of the ditch at the time of the trial.

Appellant relies upon the case of *Ormund* v. *Granite Mt. Min. Co.,* 11 Mont. 303, 28 Pac. 289, in which case this court reversed the district court for granting a new trial after a view of the premises by the jury. But in the *Ormund Case* it appeared that the only issue was as to whether the plaintiff had made a discovery within the boundaries of his mining claim.

Three or four witnesses swore to the discovery.  Thirteen witnesses for the defendant swore to the contrary, and their evidence was not rebutted.  Under these circumstances this court held that the trial court abused its discretion in granting a new trial, and, in doing so, said, among other things: "In deliberating upon their verdict, they [the jury] had a right to take into consideration their observations in connection with the evidence.  It must be understood, however, that the verdict under these circumstances is not to be treated as conclusive upon any issue."

In *Murray* v. *Heinze,* above, this court had under consideration an appeal from an order granting a new trial in a case in which the jury had inspected the premises; and, in affirming the order of the trial court, this court reviewed the opinion in the *Ormund Case,* and, among other things, said: "There was in the *Ormund Case* apparently a great preponderance of unrebutted testimony in favor of the defendant and in support of the verdict; but in the case at bar the record shows no such preponderance of unrebutted evidence in support of the verdict.  Here there is an irreconcilable conflict upon the material issues, which distinguishes it from the *Ormund Case.*"  We think this observation pertinent and particularly applicable to the case now under consideration.

In conclusion we quote from the opinion in *Walsh* v. *Conrad,* above, as applicable to the question first considered above in this case, the following: "Upon this question there was a conflict in the evidence; and, as the trial court, which had the witnesses before it, was in a much better situation to judge of the sufficiency of the evidence to sustain the verdict than is this court, we cannot say that this record discloses any abuse of discretion on the part of the court in setting aside the verdict and granting a new trial."

The order from which this appeal is taken is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.