BOWEN, RESPONDENT, *v.* WEBB, APPELLANT.

(No. 2,532.)

(Submitted October 7, 1908.  Decided October 24, 1908.)

[97 Pac. 839.]

*Quieting Title—Waters and Water Rights—Findings—Evidence — Sufficiency — Witnesses — Credibility — Jury —New Trial—Discretion—Review.*

Water Rights—Evidence—Sufficiency—Findings—Witnesses—Credibility.
1.  *Held,* in an action to quiet title to an interest in an irrigation ditch, that, after eliminating the testimony of the only witness for defendant who, by reason of glaring inconsistencies therein, was not entitled to any credence whatever, the evidence was sufficient to support a finding that plaintiff's grantor had not conveyed the interest in question to another prior to conveyance to plaintiff.

Evidence—Proof—Witnesses—Credibility.
2.  In order for the direct evidence of one witness to be sufficient to prove a fact, the witness must be one who is entitled to full credit.

Witnesses—Credibility—Question for Jury.
3.  The jury, in the first instance, are the exclusive judges of the credibility of a witness and of the weight to be given to his testimony.

Same—Credibility—Trial Court—Review.
4.  A trial judge, who sees a witness and observes his demeanor while on the stand is in a better situation to determine his credibility than are the justices of the supreme court from an inspection of the record on appeal.

New Trial—Discretion—Review.
5.  A motion for a new trial is addressed to the sound legal discretion of the trial court, which, in the absence of a clear showing of abuse, will not be interfered with on appeal.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

SUIT by Ellen E. Bowen against Malinda M. Webb to quiet title to an irrigation ditch. From a decree for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Mr. Harry A. Groves,* and *Mr. W. F. Meyer,* for Appellant.

*Mr. Geo. W. Pierson,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Prior to 1903 Ellen E. Bowen owned certain land in Carbon county which required irrigation for its successful cultivation An irrigating ditch had previously been constructed from Fish tail creek, called sometimes the "Chambers ditch," and foı brevity that designation is adopted here. This ditch led to the Bowen land. In June, 1903, a dispute having arisen between Mrs. Bowen and Samuel Webb respecting the ownership of this ditch, a contract was entered into between them by the terms of which Samuel Webb agreed to convey his interest in the ditch to Mrs. Bowen, upon certain conditions being fulfilled by the latter. In January, 1904, Mrs. Bowen commenced an action in the district court of Carbon county against Samuel Webb to compel specific performance of the contract of June, 1903. Such proceedings were had that a decree in favor of Mrs. Bowen was entered, from which Webb appealed to this court. The decree was affirmed. (*Bowen* v. *Webb,* 34 Mont. 61, 84 Pac. 739.) In pursuance of the decree, Samuel Webb duly conveyed his interest in the ditch to Mrs. Bowen conformably with the contract of June, 1903. Thereafter Malinda M. Webb, the wife of Samuel Webb, having asserted that she owned an interest in the ditch. and a controversy respecting the matter having arisen between her and Mrs. Bowen, the latter in January, 1907, commenced this action to quiet title.

The complaint alleges that one Harris owns a one-half interest in the Chambers ditch from the point where it taps Fish-

tail creek to a point at or near the Harris ranch, and that the remaining portion of the ditch is owned by the plaintiff, Mrs. Bowen. In other respects the complaint is in the usual form, and prays that the defendant be required to set forth the nature of her claim, in order that the same may be determined by the court. Malinda M. Webb appeared by answer, in which she denied that the plaintiff, Mrs. Bowen, ever had any interest in the Chambers ditch, or in any portion of it, and alleged that she, Malinda M. Webb, owned all that portion of the Chambers ditch, except the Harris interest.

In support of the allegations of her complaint the plaintiff offered testimony tending to show that Samuel Webb originally owned the interest claimed by her. She then offered in evidence the deed from Webb to her, made pursuant to the decree for specific performance. Other testimony was offered, which need not be recited. The defendant, Malinda M. Webb, then sought to show that in November, 1903, Samuel Webb had conveyed his interest in the ditch to one William Donahue, and that in December, 1903, Donahue had conveyed the same interest to Malinda M. Webb. The case was tried to the court sitting with a jury. A number of the special interrogatories were submitted to the jury and answered, and thereafter, with slight modifications, these special findings were adopted by the court, and a decree rendered and entered in favor of the plaintiff for the relief for which she prayed. From that judgment or decree, and from an order denying her a new trial, the defendant, Malinda M. Webb, appeals.

Appellant's counsel make several assignments of error, but only a few of them need be noticed in detail. As approved by the court, findings 10, 14, 15 and 17 are as follows:

"Interrogatory No. 10: If you believe William A. Donahue acquired any interest in the ditch in question from Samuel Webb, when, if at all, was such transfer made, and what interest, if any, was conveyed? Answer: No interest acquired. No interest transferred. No interest conveyed."

"Interrogatory No. 14: If you say, in response to interrogatories. Nos. 12 and 13, that Samuel Webb built one-half of the upper part of the ditch in controversy and all of the other portion, did he sell the same to William Donahue, and, if so, at what time did he sell it to Donahue? Answer: Didn't sell.

"Interrogatory No. 15: Did Donahue sell the ditch in controversy to the defendant, Malinda M. Webb? Answer: William A. Donahue did not convey to Malinda M. Webb any portion of the ditch in question, but attempted to do so in November, 1903."

"Interrogatory No. 17: Who is now the owner of the ditch and ditch interests described in the plaintiff's complaint and claimed by the defendant, Malinda M. Webb, in her answer? Answer: Mrs. Ellen E. Bowen, by virtue of the deed by Samuel Webb and Malinda M. Webb, his wife."

It is said that there is not any evidence to support any of these findings. So far as finding 17 is concerned, it may be remarked that there is abundance of evidence to support it, provided Samuel Webb did not transfer his interest to Donahue prior to the time he executed his deed to Mrs. Bowen; and we think this will be conceded by appellant. Likewise it is apparent that, if Donahue did not acquire title to the ditch from Samuel Webb, he did not have any interest to convey to Mrs. Webb, for there is not any contention that Donahue acquired an interest from any other source; and, if he did not have any interest to convey, then finding No. 15 is correct.

But the principal controversy arises over findings 10 and 14. The plaintiff made out her *prima facie* case, and it then devolved upon defendant to show that she had some claim to or interest in the ditch as set forth in her answer. The testimony offered in her behalf discloses that she relied entirely upon a transfer from Samuel Webb to Donahue and a deed from Donahue to herself of the interest which she claimed. In other words, both plaintiff and defendant attempted to deraign title from Samuel Webb. The only testimony offered tending to show a transfer from Samuel Webb to Donahue is that given by Samuel

Webb himself. He testified that he and Chambers constructed
the ditch from Fishtail creek to a point at or near the Harris
ranch, and that he constructed the remaining portion of the ditch
himself; that he entered into the contract of June, 1903, with
Mrs. Bowen, but that thereafter, in November, 1903, by an oral
transfer he conveyed to Donahue the same interest which he had
contracted to convey to Mrs. Bowen. He says that there was
not any transfer in writing at all. He concludes this portion
of his testimony thus: "I put him in possession of the ditch
and he used it." Counsel for appellant say that this testimony
is uncontradicted, and in a certain sense this is true. It is not
contradicted directly; but, according to Samuel Webb's testi-
mony, Donahue was in possession of the ditch and using it
only from November, 1903, to December of the same year.
There is not any attempted explanation of the use which Dona-
hue could have made of an irrigation ditch at that season of the
year in this country. There is testimony, however, tending to
show that this evidence, given by Samuel Webb, is not true,
in that it tends to show that the ditch did not extend to Dona-
hue's place, or nearer than a quarter of a mile of it. Further-
more, the force of Samuel Webb's testimony is broken by the
fact that in February, 1904, he stated, in his verified answer
in the suit of Mrs. Bowen against himself, that he was then—
February, 1904—ready to convey his interest in the ditch to
Mrs. Bowen, as he had agreed to do under the contract of June,
1903, whenever she performed her part of that contract. Cer-
tainly this allegation implies, at least, that Samuel Webb, in
February, 1904, then owned the same interest in and title to this
ditch which he had in June, 1903. In other words, it tends
to show that he had not conveyed his interest to Donahue, or to
anyone else, prior to the time he made the deed to Mrs. Bowen.
The judge of the trial court had this witness before him upon
the trial of the case, had the testimony of the witness before
him on the motion to adopt the findings, and finally had to re-
view it again upon motion for a new trial; and in view of the
inconsistencies pointed out above we cannot say that the jury

and the trial court were not justified in concluding that Samuel Webb was not a witness whose testimony was entitled to any credence whatever. And if it be true that the trial court so concluded, then, with Samuel Webb's testimony eliminated, there is a failure of proof of any transfer to Donahue by Samuel Webb, or, in other words, a failure to show that Donahue ever acquired any interest which he could transfer to Mrs. Webb.

In order for the direct evidence of one witness to be sufficient to prove a fact, the witness must be one who is entitled to full credit (Code Civ. Proc., 3120, Revised Codes, sec. 7861); and these further rules of law are also to be borne in mind: (1) That the jury, in the first instance, were the exclusive judges of the credibility of the witness Samuel Webb, and of the weight to be given to his testimony (Code Civ. Proc., sec. 3390, Revised Codes, sec. 8028); (2) the judge of the trial court, who saw this witness on the stand and observed his demeanor, was in a much better situation than are the members of this court to determine his credibility (*White* v. *Barling,* 36 Mont. 413, 93 Pac. 348; *Walsh* v. *Conrad,* 35 Mont. 68, 88 Pac. 655, and cases cited); and (3) the motion for a new trial was addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse of such discretion, this court will not interfere. (*Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455; *Case* v. *Kramer,* 34 Mont. 142, 85 Pac. 878.) The trial court had two opportunities to change finding No. 10 and declined to do so. In view of these facts, we certainly cannot say that the trial court abused its discretion in refusing a new trial.

This appears to dispose of the case so effectually that a consideration of the other questions discussed is unnecessary. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied November 28, 1908.