LEHANE, RESPONDENT, v. BUTTE ELECTRIC RY. CO., AP-
PELLANT.

(No. 2,568.)

(Submitted October 13, 1908.  Decided November 11, 1908.)

[97 Pac. 1038.]

*Personal Injuries—Street Railways—Passengers—Briefs—Spec-
ifications of Error—Appeal—Instructions—Scope of Re-
view—Evidence—Sufficiency—Jury—Credibility of Wit-
nesses—New Trial—Discretion—Defendant's Motion for Di-
rected Verdict—Evidence of Plaintiff—How Viewed.*

Appeal—Briefs—Specifications of Error—Extent of Review.
1.  On appeal, the supreme court is confined to a consideration of
the questions arising upon the specifications of error contained in
appellant's brief.

Same—Instructions—Scope of Review.
2.  Under Laws of 1907, chapter 34, page 62, the supreme court,
in reviewing errors assigned on the giving or refusing of instruc-
tions, may only consider the particular objections presented to the
trial court at the time the instructions were settled.

Personal Injuries—Street Railways—Instructions—Evidence.
3.  In an action to recover damages alleged to have been sustained
by plaintiff while alighting from a street-car, plaintiff testified that
he informed the conductor that he wished to alight at a certain
street corner.  Other witnesses testified to the contrary.  *Held*, that
the contention of appellant company that there was not any evidence
upon which to submit an instruction involving the question whether
plaintiff notified the conductor of his wishes, had no merit.

Same—Jury—Witnesses—Credibility.
4.  The jury, being the judges of the credibility of witnesses, were
at liberty to believe the statement of plaintiff even though a number
of other witnesses gave evidence to the contrary on the question at
issue.

Same—Street Railways—Personal Injuries—Negligence—Instructions.
5.  Evidence reviewed and *held* that there was sufficient evidence of
the negligence of defendant  company's agents in starting a street-
car after it had come to a stop to permit plaintiff and others to
alight, while plaintiff was in the act of stepping off, to warrant the
submission of the issue to the jury.

Same—Instructions—Assumption of Fact—Instruction to be Read as a
Whole.
6.  An instruction must be considered as a whole; therefore, where
in a personal injury action the court opened an instruction with the
phrase: "You are instructed that if from the evidence you believe,"
etc., and then proceeded to detail matters brought out in evidence, the
whole of the instruction, subdivided by commas, must be read with
reference to this opening sentence, and is not open to the objection

that it assumed as a fact a question in dispute, merely because the above opening sentence was not repeated before each clause of the instruction.

Jury—Verdict—Evidence—Inferences.

7. In rendering a verdict the jury are not confined in their determination to the precise language in which the evidence is given, but may base their conclusion upon any fair inference deducible from the evidence.

Personal Injuries—Damages—Pain and Suffering—Instructions.

8. In an action to recover for personal injuries, the jury, in arriving at their verdict, may take into consideration, as an item of damages, the nature of the injuries received and the consequent pain and suffering, so far as proven, and an instruction to that effect was properly submitted.

Same—Street Railways—Passengers Alighting—Duty of Carrier.

9. An instruction, given in an action to recover damages from a street-car company for damages sustained by a passenger while alighting from the car, to the effect that ''a passenger in alighting from a car of a common carrier is entitled to a reasonable time in which to get off the car after he has been given an opportunity to do so,'' stated a correct proposition of law.

New Trial—Discretion—Review.

10. Since the trial judge has a better opportunity to determine the credibility of the witnesses, than has the appellate court, and a motion for new trial is addressed to his sound discretion, in the absence of a clear showing of abuse of such discretion his ruling on the motion will not be disturbed on appeal.

Judgment—Evidence—Sufficiency—Review.

11. While a bare scintilla of evidence would not be sufficient to support a verdict, where the record on appeal shows substantial evidence to support a verdict and judgment, the supreme court will not interfere.

Motion for Directed Verdicts—Evidence of Opposite Party—How to be Viewed.

12. On defendant's motion for an instructed verdict, the truth of plaintiff's evidence must be assumed and regarded in the most favorable light.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Patrick Lehane against the Butte Electric Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appealed. Affirmed.

*Mr. W. M. Bickford,* and *Mr. George F. Shelton,* for Appellant.

The court erred in refusing to instruct the jury to find a verdict for defendant. The verdict was clearly against the evi-

dence.   While formerly it was held that if there was what was called a scintilla of evidence in support of a case the judge was bound to leave it to the jury, recent decisions of high authority have established the more reasonable rule: "that in every case, before the evidence is left to the jury there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof rests." (*Improvement Co.* v. *Munson,* 14 Wall. 442, 20 L. Ed. 867; see, also, *Pleasants* v. *Fant,* 22 Wall. 120, 22 L. Ed. 780; *Commissioners* v. *Clark,* 94 U. S. 284, 24 L. Ed. 59; *Griggs* v. *Houston,* 104 U. S. 553, 26 L. Ed. 840; *Bagley* v. *Cleveland Rolling Mill Co.,* 21 Fed. 159; *Bulger* v. *Rosa,* 119 N. Y. 460, 24 N. E. 853; *Longley* v. *Daly,* 1 S. D. 257, 46 N. W. 247; *Marshall* v. *Harney Peak etc. Mfg. Co.,* 1 S. D. 350, 47 N. W. 290; *Hyatt* v. *Johnson,* 91 Pa. 200; *Baulec* v. *New York R. R. Co.,* 59 N. Y. 356, 17 Am. Rep. 325; *People* v. *Cook,* 8 N. Y. 67, 59 Am. Dec. 451; *Kelsey* v. *Northern etc. Oil Co.,* 45 N. Y. 509; *Nuendorff* v. *World Mut. etc. Ins. Co.,* 69 N. Y. 389.)

*Messrs. Kremer, Sanders & Kremer,* for Respondent.

Appellant urges that this court establish it as law in this state that a party shall be denied a right of recovery because, under the peculiar circumstances, the plaintiff must depend alone upon his own evidence while the defendant may have the testimony of a number of witnesses to contradict him.   Such is not the law. There was no impeachment of plaintiff's testimony.   "A mere conflict between the witness' testimony and the testimony of another witness in regard to some fact is not an impeachment of the former." (*Baker* v. *Robinson,* 49 Ill. 299.)   The jury are not bound to regard the weight of the evidence as preponderating in favor of a party merely because of the greater number of witnesses produced by him. (*North Chicago St. Ry. Co.* v. *Wellner,* 206 Ill. 272, 69 N. E. 6; see, also, *Kansas City* v. *Bradbury,* 45 Kan. 381, 23 Am. St. Rep. 731, 25 Pac. 889.)   Where the evidence is conflicting, a new trial will not be granted  merely because

the verdict is against the weight of the evidence. (*Sherman* v. *Mitchell,* 46 Cal. 577.) The appellate court will not interfere with a verdict where there is any evidence to support it. (*Escolle* v. *Merle,* 9 Cal. 95; *Burnett* v. *Whitesides,* 15 Cal. 36; *Trenor* v. *Central Pac. R. R. Co.,* 50 Cal. 222; *Hancock* v. *Burton,* 73 Cal. 52, 14 Pac. 392; *Helena & Livingston S. & R. Co.* v. *Lynch,* 25 Mont. 491, 14 Pac. 392; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201; *Spencer* v. *Spencer,* 31 Mont. 631, 79 Pac. 320.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff, Patrick Lehane, was injured in alighting from a street-car owned and operated by the defendant company in the city of Butte, and brought this action to recover damages for the injuries sustained. A verdict was returned in his favor for $1,000, and a judgment was rendered and entered thereon, from which judgment and an order denying it a new trial the defendant railway company appeals.

It is elementary that on appeal this court will be confined to a consideration of questions arising upon the specifications of error contained in appellant's brief. In this instance the assignments of error relate to the giving of instructions Nos. 1, 2, and 3, and the refusal of the court to give defendant's instruction No. 11. By an Act of the tenth legislative assembly approved February 25, 1907, it is provided that "no motion for a new trial on the ground of errors in the instructions given shall be granted by the district court unless such errors were specifically pointed out and excepted to at the settlement of the instructions, as herein provided; and no cause shall be reversed by the supreme court for any error in instructions, which was not specifically pointed out and excepted to at the settlement of the instructions as herein specified, and such error and exception incorporated in and settled in the bill of exceptions or statement of the case as herein provided." (Laws 1907, pp. 62, 65, chapter 34.) In the case under consideration, then, we are confined

first, to a consideration of the specifications of error enumerated; and, second, to the particular objections presented to the action of the trial court at the time the instructions were settled. The instructions to which the specifications of error relate are as follows:

"No. 1. You are instructed that if from the evidence you believe that the conductor or person in charge of the car on which plaintiff was riding as a passenger, if you find he was so riding, was informed by plaintiff that he desired to alight at the corner of Park and Oklahoma streets, and that the said conductor or person in charge of said car assented to such request, and if you further believe that said car did as a matter of fact stop at the corner of Park and Oklahoma streets, then you are instructed that the plaintiff had the right to assume that the defendant company through its conductor or other person in charge of said car and controlling its movements would give plaintiff a reasonable opportunity to alight from said car without injury to himself. And you are further instructed that if said car did so stop at the corner of Park and Oklahoma streets, and that the plaintiff, exercising the care and prudence that a reasonably careful man under like circumstances would have used, did attempt to alight from said car, and while engaged in such attempt to alight therefrom the said defendant company through its agents in charge of said car did not give him a reasonable opportunity to get off of said car, then you are instructed that, even though the said car started while plaintiff was so engaged in attempting to get off of said car, nevertheless, said conduct on the part of the plaintiff did not necessarily render plaintiff guilty of contributory negligence, unless you believe from all of the evidence that a reasonably prudent man in attempting to get off of said car would not have conducted himself as the plaintiff did at the time and under the circumstances when he was attempting to alight from the street car in question. In determining whether plaintiff was guilty of negligence on his part which directly contributed to his injury, you are instructed that you are to take into consideration all of the facts

in this case, and from them determine whether plaintiff, under the circumstances, conducted himself as a reasonably prudent man would have done under like circumstances; and, if from the evidence you believe that a reasonably prudent man under like circumstances would have acted in the same manner as plaintiff acted, then you are instructed that plaintiff was not guilty of contributory negligence.

"No. 2.    You are instructed that if you believe under these instructions and the evidence in the case that the plaintiff is entitled to recover damages from the defendant for any injuries which he has proven by a preponderance of the evidence that he has sustained by reason of the facts set forth in his complaint, then you have the right to find for him for such an amount of damages, not to exceed $1,800, as you believe from the evidence will compensate him for the personal injuries so received, if any, and in doing so you have the right to consider the personal injuries received by him, if any have been proved, and any pain or suffering he may have endured in consequence thereof, if any pain or suffering has been proved, and you have the right to consider his loss of time, if any, caused by such injuries, if any have been shown.

"No. 3.    You are instructed that a passenger in alighting from a car of a common carrier is entitled to a reasonable time in which to get off of the car after he has been given an opportunity to do so; and if you believe from the evidence that the plaintiff was a passenger on a car of the defendant, and that the same was started after having been stopped, if you find it did stop, without allowing him such reasonable time in which to alight, then the defendant Butte Electric Railway Company is liable for any injuries he may have received by reason of the car starting, provided you believe from the evidence that plaintiff was in the exercise of reasonable and ordinary care to avoid injury to himself, or was not guilty of contributory negligence as defined in these instructions."

"No. 11 [Refused.]    The court instructs the jury to find a verdict for the defendant."

1. Instruction No. 1. The objections urged to instruction No 1 are (a) that there is not any evidence that the plaintiff signaled the operators of the car to stop it; (b) that there is not any evidence of negligence on the part of the defendant company; (c) that the evidence is practically undisputed that the plaintiff was guilty of contributory negligence; and (d) that the instruction assumes as a fact a matter in dispute, viz., that the plaintiff notified the agent of the company to stop and in response to such notification the car was stopped for the accommodation of the plaintiff.

Reviewing these objections in detail, we observe:

(a) That the plaintiff testified: "I got on the Meaderville car, and on the way down the conductor came around, and I told him to let me off on the corner of Park and Oklahoma, and he nodded his head like that [illustrating], by moving his head up and down." Even though other witnesses gave evidence to the contrary, the jurors, being the judges of the credibility of the witnesses, could believe Lehane if they chose to do so, which they evidently did.

(b) Touching the question of defendant's negligence, the plaintiff testified: "And, when we got to the corner of Park and Oklahoma, the car stopped, and I was standing up, and two fellows and a lady got off, and then I went to get off, and I was thrown on my shoulder and my face in the street, and I was left unconscious there. * * * At the time this car started I was in the act of getting off. I had just put one foot like this [illustrating], and was in the act of getting off when the car moved up, and threw me on my face and shoulders. There were three other people who got off the car at that place—two gentlemen and a lady. I cannot exactly say how far I was behind them, but I wasn't very far. I was right behind them. At that time the conductor was collecting his fares, pretty near the front of the car. He was ringing up the register right along. The car had come to a complete stop. I proceeded to get off as rapidly as I could, but I was waiting for the lady to get off first. I did not like to force my way out, and that was the result I

got. The car started just when I was getting off." He also gave other similar testimony.

(c) We have read the record carefully, and are unable to say that the jury should have found the plaintiff guilty of contributory negligence.

(d) Does the instruction assume as a fact a question in dispute? We think not. Paraphrased, that portion of the instruction relating to this subject would read: "You are instructed that if from the evidence you believe that the conductor of the car on which plaintiff was riding as a passenger, if you find he was so riding, was informed by plaintiff that he desired to alight and that the conductor assented to such request, and said car did as a matter of fact stop, then you are instructed that the plaintiff had a right to assume that the defendant company would give plaintiff a reasonable opportunity to alight without injury to himself." The instruction is to be considered as a whole, and we think every portion down to the last paragraph, which deals with contributory negligence exclusively, is to be read with reference to the opening phrase, "You are instructed that if from the evidence you believe," etc. In this view of the case, we conclude that this instruction is not open to any criticism made upon it.

2. Instruction No. 2. With reference to this instruction it is said: "There is no evidence in the case upon which the jury can base any verdict for damages at all, and particularly there is no evidence in the case upon which the jury can make any finding that the plaintiff has suffered damages to exceed twelve days' time lost by him * * * at $3.50 per day." The evidence is ample to show a loss by plaintiff of twelve days' time occasioned by this accident. In rendering a verdict the jury are not confined in their determination to the precise language in which the evidence is given, but may find a verdict upon any fair inference deducible from the evidence. The testimony of Dr. McCarthy, the attending surgeon, discloses that plaintiff received wounds by reason of this accident, that his shoulder was dislocated, his nose badly injured, and that he received severe

cuts and bruises on the face. It was proper for the jury to take these facts into consideration in arriving at their verdict. In our opinion the instruction fairly presents this feature of the case, and is correct. (*Snook* v. *City of Anaconda*, 26 Mont. 128, 66 Pac. 756.)

3. Instruction No. 3. The criticism of this instruction is that it is inapplicable, in that there is not any evidence of defendant's negligence, and that it assumes as a fact a matter in dispute. What we have said above with reference to instruction No. 1 disposes of the first of these contentions. The opening sentence of this instruction states a proposition of law to which we think exception cannot be taken. The remaining portion, made directly applicable to this case, is introduced by this language: "If you believe from the evidence that the plaintiff was a passenger on a car of the defendant, and that the same was started after having been stopped, if you find it did stop, without allowing him such reasonable time in which to alight, then the defendant Butte Electric Railway Company is liable. * * *" We do not think there is any assumption of a fact here.

4. Instruction No. 11, refused. In reality the principal contention in this case arises over the question: Did the plaintiff attempt to alight from the car while it was standing still, as he contends, or did he carelessly and negligently attempt to alight from a moving car, as defendant contends? The plaintiff testified: "The car was absolutely standing still as I stepped off, but before I got off it started. I am quite positive it was standing still when I started to get off and then it started ahead." A number of witnesses for the defendant testified, in effect, that this car did not stop at the intersection of Park and Oklahoma streets as stated by the plaintiff, but that, while moving along at a rate of from five to seven miles an hour, the plaintiff, without giving any warning to the operators of the car, attempted to alight and was thrown to the ground and received the injuries of which he complains. We may agree with appellant that "his [respondent's] testimony is the only evidence to sustain his con-

tention"; but may this court on appeal disregard plaintiff's
testimony or conclude that it is false? His version does not ap-
pear to us as either impossible or even improbable, and, since
the jury were the judges of his credibility and of the weight to
be given to his testimony, we do not feel inclined to interfere;
and particularly in view of the fact that the trial court, which
had these same objections before it, after having observed the
demeanor of the witnesses while on the stand, denied a motion for
a new trial. It has been well said that the jury are not bound
to regard the weight of the evidence as preponderating in favor
of the party who produced the greater number of witnesses
"The jury have a right to determine from the appearance of the
witnesses on the stand, their manner of testifying, their apparent
candor and fairness, their apparent intelligence or lack of in-
telligence, and from all of the other surrounding circumstances
appearing on the trial, which witnesses are the more worthy of
credit, and to give them credit accordingly." (*North Chicago
St. R. Co.* v. *Wellner,* 206. Ill. 272, 69 N. E. 6.)

As this court has frequently said: "The judge of the trial
court, who saw this witness on the stand and observed his de-
meanor, was in a much better situation than are the members
of this court to determine his credibility (*White* v. *Barling,* 36
Mont. 413, 93 Pac. 348; *Walsh* v. *Conrad,* 35 Mont. 68, 88 Pac.
655, and cases cited); and the motion for a new trial was ad-
dressed to the sound discretion of the trial court, and, in the
absence of a clear showing of abuse of such discretion, this court
will not interfere." (*Bowen* v. *Webb, ante,* p. 479, 97 Pac. 839,
and cases cited.) We agree with what is said in the cases
cited by appellant upon the question of a bare scintilla
of evidence being insufficient to support a verdict; but this
case does not present that question at all. We think there
is substantial evidence to support this verdict and judg-
ment, and under such circumstances this court has repeatedly
said that it will not disturb the finding of the lower court upon
a question of fact. (*Stephens* v. *Elliott,* 36 Mont. 92, 92 Pac.
45; *Walsh* v. *Conrad,* above; *Ettien* v. *Drum,* 35 Mont. 81, 88

Pac. 659.) Indeed, in *Schatzlein Paint Co.* v. *Passmore*, 26 Mont. 500, 68 Pac. 1113, this court went to the extent of saying: "With respect to the verdict, we observe that while the evidence, as it appears in type, seems to preponderate in favor of the defendant, it was nevertheless sufficient to justify the verdict against him. The weight of the evidence was for the jury."

Furthermore, it is a rule of law, now quite generally recognized, that on a motion for an instructed verdict, such as this No. 11 was, the truth of plaintiff's evidence is to be assumed, and it is to be regarded in the most favorable light. (*Freeman* v. *Sand Coulee Coal Co.*, 25 Mont. 194, 64 Pac. 347.) In *Ball* v. *Gussenhoven*, 29 Mont. 321, 74 Pac. 871, this court said: "If substantial evidence had been introduced prior to the motion, which in any way or manner tended to support plaintiff's contention, then the weight of the evidence became a question for the jury, and the court properly refused a motion to direct a verdict for the defendant."

We find no error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.