FIRST NATIONAL BANK OF ST. PAUL, Appellant, *v.* MONTANA CATTLE LOAN CO. et al., Respondents.

(No. 5,584.)

(Submitted February 13, 1925.  Decided March 2, 1925.)

[234 Pac. 256.]

*Promissory Notes—Conditional Indorsement—Nonfulfillment of Condition — Instructions — Assumption of Issuable Fact as Established—When Proper.*

Instructions—Assumption of Issuable Fact as Established—When Warranted.
  1.  An instruction which, by assuming a question of fact as established, in effect withdraws it from the jury, can be sustained only where the uncontradicted evidence furnishes the basis for but one conclusion.

Promissory Notes—Conditional Indorsement—Failure of Condition—Instruction—Assumption of Facts as Established—When Proper.
  2.  *Held,* in an action on a promissory note indorsed by a director of a bank who defended on the ground that his signature was obtained only on the condition that all its directors should indorse it before delivery to plaintiff, and that this was not done, an instruction that plaintiff was bound by the assurance of its agent that delivery would not be made until the condition had been met was not open to the objection that the court erroneously assumed the facts that the assurance had been given and that the person giving it was the agent of plaintiff, but that the assumption was warranted by the uncontradicted evidence.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Action by the First National Bank of St. Paul against the Montana Cattle Loan Company and others. From the portion of judgment in favor of certain defendants, plaintiff appeals. Affirmed.

*Messrs. Cooper, Stephenson & Hoover,* for Appellants, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

*Mr. Henry C. Smith* and *Messrs. Smith & Eickemeyer,* for Respondents, submitted a brief; *Mr. Henry C. Smith* argued the cause orally.

HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

Suit was brought by the plaintiff, the First National Bank of St. Paul, against the Montana Cattle Loan Company, R. B. Noble, C. D. Eliot, Julius C. Peters, and L. H. Hamilton, upon a promissory note for $25,000, given the plaintiff by the loan company and indorsed by the other defendants, who were directors of the Commercial National Bank of Great Falls. The note was for a loan made through the Great Falls bank. It was a renewal of a $30,000 note indorsed by Directors Noble, Peters and Hamilton only.

The single issue pertinent to this appeal is contained in the following allegation in the amended answer: "That in order to obtain the indorsement of the answering defendants R. B. Noble, Julius C. Peters, and L. H. Hamilton, and each of them, on said note, plaintiff represented and promised to each of them, respectively, that if he would indorse said note the indorsement of each and all of the directors of the Commercial National Bank would be obtained thereon to secure the same before the delivery of said note would be made to said plaintiff." It further appears by the amended answer and by the proof at the trial that the indorsements of four of the directors of the bank were not obtained.

The cause was tried to a jury. There was a directed verdict for the plaintiff against the defendants Montana Cattle Loan Company, R. B. Noble and C. D. Eliot, and for the defendant Julius C. Peters. The jury found in favor of the defendant L. H. Hamilton. Judgment was entered in accordance with the verdict. Plaintiff's motion for a new trial was denied, and it appealed from that portion of the judgment in favor of the defendants Peters and Hamilton.

The only assignments considered are those argued by plaintiff. (*Anderson* v. *Northern Pac. Ry. Co.,* 34 Mont. 181, 85 Pac. 884.)

The court's instruction No. 9 reads: "You are instructed that the plaintiff bank is bound by the assurances made to the defendant Hamilton, through Noble, by plaintiff's agent Schulenberg, to the effect that the note in suit should not be delivered to the plaintiff bank until it had been indorsed by all of the directors of the Commercial National Bank, and you cannot find a verdict against the defendant Hamilton unless you further find that when he signed the $30,000 note, as president of the Montana Cattle Loan Company, defendant Hamilton knew, or in the exercise of ordinary care should have known, that the $25,000 note would not thereafter be indorsed by all of the directors of said Commercial National Bank."

Plaintiff objected to the instruction as follows: "The plaintiff excepts to the giving of instruction No. 9 for the following reasons, to wit: First, that said instruction assumes as a basis and fact that assurances were made to the defendant Hamilton through Noble, by Ed. Schulenberg, as plaintiff's agent, to the effect that the note in suit should not be delivered to plaintiff bank until it had been indorsed by all the directors of the Commercial National Bank, whereas, in truth and in fact, there is no evidence to justify such assumption of fact, and, at any event, said evidence is not conclusive or binding, and the instruction is, in effect, an instruction to the jury that the said assurances were in . fact made by the · said

Ed. Schulenberg; that said Ed. Schulenberg was in fact plaintiff's agent, and the assurances were made through the defendant Noble, and they were to the effect that the note in suit should not be delivered to the plaintiff bank until it had been indorsed by all the directors of the Commercial National Bank, and that said instruction is prejudicial to the plaintiff in said assumption of fact. The plaintiff further objects to said instruction upon the ground that there is no sufficient evidence to go to the jury. That the assurances were made as therein set forth, and that said instruction is contrary to law, in the statement that the plaintiff is bound by the assurances made to the defendant Hamilton through the defendant Noble, by plaintiff's agent Schulenberg.''

The objection to the instruction presents the question whether [1] the trial court was warranted in assuming as a matter of law that the assurances mentioned were made to Hamilton as indicated, and Schulenberg, when he made the assurances, was, and was acting as, the agent of the plaintiff. The action of the court cannot be sustained unless the facts assumed are established by uncontradicted evidence which furnishes the basis for but one reasonable conclusion. (*Consolidated etc. Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152; *John* v. *Northern Pac. Ry. Co.,* 42 Mont. 18, 33 L. R. A. (n. s.) 85, 111 Pac. 632; *Flaherty* v. *Butte Elec. Ry. Co.,* 42 Mont. 89, 111 Pac. 348; *Milwaukee Land Co.* v. *Ruesink,* 50 Mont. 489, 148 Pac. 396; *Old Kentucky Distillery* v. *Stromberg-Mullins Co.,* 54 Mont. 285, 169 Pac. 734; *Stiemke* v. *Jankovich, ante,* p. 363, 233 Pac. 904.)

I. E. Hansen testified that he was a vice-president of the [2] plaintiff in charge of the department of banks and banking; that he handled all business with country banks; that he had a number of agents under him, and Schulenberg was one of them; that the business of the plaintiff bank involved in this suit was handled by the witness; and that Schulenberg under his direction came out and negotiated with the officers of the Great Falls bank and reported what he had done. Defendant

Peters testified that in April, 1921, Hansen told him Schulenberg would be out to Montana to go into the situation with full authority to do whatever was necessary. Defendant Noble testified as to a conversation he had with Schulenberg in Great Falls just before the execution of the $30,000 note as follows: ''Mr. Schulenberg told me that he wanted all of the bank directors as indorsers on this note; I told him I didn't think it could be done. He said, 'It must be,' and he said, 'You can state further to the individual directors that if it is not indorsed by all of them, that the note will not be accepted or delivered'; and with that understanding I proceeded to get the indorsers, I did repeat that to the men who actually did indorse it. After I had the conversation with Schulenberg to the effect that the $25,000 note was to be procured under substantially the same conditions, I again repeated the assurances as to the delivery of the note, and the indorsements that would be obtained before it would be accepted or delivered; so that applied to the $25,000 note, too.'' March 6, 1922, Hansen, as vice-president of the St. Paul bank, wrote O. A. Carlson, a vice-president of the Great Falls bank, concerning the $25,000 note: ''Mr. Schulenberg thoroughly understands the situation and our attitude on the proposition and is therefore in a position to discuss it with you as well as any of the officers here in the bank.'' The testimony of the witnesses Peters and Noble was not contradicted, nor was either witness impeached or by any testimony or circumstance discredited. Hansen and Schulenberg were present at the trial, and neither testified as to the authority of Schulenberg nor as to the statements Noble testified were made to him. ''Evidence is to be estimated * * * according to the evidence which it is in the power of one side to produce, and of the other to contradict.'' (Sec. 10672, subd. 6, Rev. Codes 1921.) That the distinguished jurist who tried the case withdrew these issues from the jury is worthy of consideration. ''The judge of the trial court, who saw this witness on the stand and observed his demeanor, was in a much better situation than are the mem-

bers of this court to determine his credibility; \* \* \* and \* \* \* the motion for a new trial was addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse of such discretion, this court will not interfere." (*Bowen* v. *Webb,* 37 Mont. 479, 97 Pac. 839.)

Measured by the rule of law applicable as shown by the authorities cited, the trial court did not err in withdrawing the issues mentioned in instruction No. 9 from the jury. It is not necessary to find that Noble was the agent of the St. Paul bank. He was but a means of communication from Schulenberg to the directors who signed the note.

The court's instruction No. 10 reads: "You are instructed that if you believe from the evidence that defendant Hamilton, at the time he signed the $30,000 note as president of the Montana Cattle Loan Company, had an opportunity to ascertain, and in the exercise of the care which would ordinarily have been exercised by a reasonable man under the same circumstances should have ascertained, that the said $30,000 note had been sent to plaintiff bank without the indorsement of all the directors of the Commercial National Bank, nevertheless if you believe from the evidence that at the time of signing the $25,000 note said defendant Hamilton believed that all the directors of said bank would indorse said $25,000 note before delivery and signed said note on account of and in that belief, your verdict should be for the defendant Hamilton." Plaintiff objected to the instruction as follows: "The plaintiff objects to the giving of defendants' instruction No. 10: First, that said instruction is contrary to law; second, that there is no evidence to justify the conclusion therein—that the defendant Hamilton at the time of signing the $25,000 note believed that all the directors of said bank would indorse said $25,000 note before delivery."

Hamilton testified that when he signed the note he believed the note would not be delivered until indorsed by all of the directors. Noble testified that he told Hamilton it would not be otherwise delivered. Hamilton also testified: "I had confi-

dence in Mr. Noble at all times, and I believed that he wouldn't tell me anything but the truth, and I still believe it, and I certainly do still have confidence in him.''

In view of this testimony it cannot be said there is no testimony to justify the conclusion that the defendant Hamilton believed that all of the directors would sign the note before delivery.

The judgment is affirmed.

*Affirmed.*

Associate Justices Holloway, Stark and Matthews concur.

Mr. Justice Galen, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.