MORAN ET AL., RESPONDENTS, *v.* EBEY, APPELLANT.

(No. 2,693.)

(Submitted October 9, 1909.  Decided October 26, 1909.)

[104 Pac. 522.]

*Justices' Courts — Pleadings — Complaint — Sufficiency —"Account"—Directed Verdict—Error.*

Justices' Courts—Complaint—Sufficiency—Copy of Account.

    1.  *Held,* that the complaint in an action brought in a justice's court to recover the balance of an account for  goods, wares and merchandise, reading as follows: "E. to M. & W. Dr.  To balance for merchandise (describing it), $255.12," was sufficient under sections 7005 and 7007, Revised Codes; *held,* further, that the word "account," as used in the latter section in declaring that a complaint in a justice's court may, *inter alia,* be "a copy of the account," does not mean a list of different items constituting it.

Directed Verdict—Plaintiff's Evidence—Truth of, to be Assumed.

    2.  On motion for a directed verdict, the truth of the evidence tending to support plaintiff's case is to be assumed, and such evidence must be regarded in the light most favorable to him.

Same—Error.

    3.  It was error to direct a verdict for defendant in an action to recover the balance of an account, where plaintiff's evidence tended to show that the goods were ordered by, and delivered to, defendant, and that the latter made his original promise to pay for them.

*Appeal from District Court, Lewis and Clark County; Thos. C. Bach, Judge.*

ACTION by Thomas F. Moran and Joseph N. Weggenman, co-partners, etc., against H. D. Ebey on an open account.  From an order granting a new trial, after direction of a verdict for defendant, he appeals.  Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Galen & Mettler,* for Appellant.

*Messrs. Clayberg & Horsky,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover the balance due on an account for goods, wares, and merchandise alleged to have been sold and delivered to the defendant. The answer is a general denial. Upon the trial of the cause in the district court the defendant moved for a directed verdict, and this motion was granted. Subsequently the plaintiffs moved for a new trial, and this motion was likewise granted. From the order granting the new trial the defendant has appealed.

We think it appears from the record before us that this action was commenced in the court of a justice of the peace. The complaint shows that it was filed in the justice's court on May 14, 1907, and some of the witnesses testify that they were witnesses upon the trial of this case in the justice's court. But it is contended that the complaint is not sufficient as a pleading in the justice's court. The complaint is as follows:

"Helena, Montana, May 1, 1907.

"H. D. Eby, To Thomas F. Moran and Joseph Weggenman, Copartners Doing Business Under the Firm Name and Style of Moran & Weggenman, Dr.

"To balance for merchandise, consisting principally of meats, poultry, game, vegetables and market produce, at Helena, Montana, between November 20, 1906, and March 29, 1907, $255.12."

Sections 7005 and 7007, Revised Codes, provide: Section 7005. "Pleadings in justices' courts are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." And section 7007: "The complaint in justices' courts is a concise statement, in writing, of the facts constituting the plaintiff's cause of action; or a copy of the account  *  *  *  upon which the action is based." It is contended that this complaint is not "a copy of the account upon which the action is based"; and the definition of the term "account" as given in 1 Cyc. 362 is relied upon. But, even conceding that the definition there given is

the one generally accepted, still it does not govern in this instance, if the Code expressly or by fair intendment limits or qualifies that definition. It is said that the term "account" comprehends a list of items, whether debits or credits; but that this is not the meaning of the term as used in section 7007 above seems manifest from section 7016, which deals with the same subject matter, viz., pleadings in justices' courts. Section 7016 provides: "When the cause of action * * * or counterclaim, arises upon an account * * * the court may, at any time, require either party to furnish to the other the items of an account or a bill of particulars." If the term "account," as used in section 7007 above, was intended to comprise a list of the items, the legislature in section 7016 would doubtless have used the terms "copy of account or bill of particulars," but it did not do so. It used the term "bill of particulars" as synonymous with *items of an account* as distinguished from the account itself.

Some reliance is placed upon the decision of this court in *Martin* v. *Heinze*, 31 Mont. 68, 77 Pac. 427. In that case all that we decided was that, in an action upon an account stated, the defendant is not entitled to demand a bill of particulars. But in that case we were considering section 6569 (section 743, Code Civ. Proc. 1895), which seems to use the term "account" interchangeably with "items of account," and this fact justifies the language employed. But the very fact that under section 7016 the defendant may demand a bill of particulars or the items of an account would seem to imply that the legislature did not use the term "account" in section 7007 in the same sense that it is used in section 6569 above. There is not any reason for requiring the plaintiff to furnish the items of the account in his complaint, so long as the defendant may obtain them under the provisions of section 7016.

In *Lataillade* v. *Santa Barbara Gas Co.*, 58 Cal. 4, the complaint filed in the court of a justice of the peace was in the following form: "Complaint, Santa Barbara, October 20, 1879. The Santa Barbara Gas Co. Dr. to Maria Antonia Lataillade. To balance due on rent of land, two hundred and fifty dollars."

And of that complaint the court said: "The complaint filed in the court of the justice of the peace was sufficient to uphold a judgment by the justice, and sufficient, in the absence of special demurrer, to sustain the judgment of the superior court." Again, in *Montgomery* v. *Superior Court,* 68 Cal. 407, 9 Pac. 720, the same court said: "Pleadings in justices' courts must be construed with great liberality, and if the facts stated are sufficient to show the nature of the claim or defense relied upon, nothing further is required." The statute of California under which these cases were decided is identical with our own.

We think the complaint in this action is sufficient to enable a person of common understanding to know what is intended, and this is the test prescribed by our Code, in section 7005 above, and is the general rule applicable in justices' courts. A general discussion of this subject may be found in 12 Ency. of Pl. & Pr. 711, where a number of examples of pleadings, held to be sufficient, is given.

It is next urged that the trial court was correct in directing a verdict for defendant, and therefore erred in granting plaintiffs a new trial. In *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871, this court said: "If substantial evidence had been introduced prior to the motion, which in any way or manner tended to support plaintiff's contention, then the weight of the evidence became a question for the jury, and the court properly refused a motion to direct a verdict for the defendant." And again, in *Lehane* v. *Butte Electric Ry. Co.,* 37 Mont. 564, 97 Pac. 1038, we held that on a motion for a directed verdict the truth of plaintiff's evidence is to be assumed, and it is to be regarded in the most favorable light. In view of these rules, then, it is only necessary to consider plaintiffs' evidence, for no matter how emphatically defendant's evidence contradicts it, or how many witnesses defendant may have had in support of his defense, if the evidence offered by the plaintiffs, when considered in the light most favorable to them, tends in any way or manner to support their contention, then the weight of the evidence became a

question for the jury, and the court erred in directing a verdict for the defendant.

The plaintiffs offered in evidence the sale-books of the original entries. These show that the items were charged to defendant from November 21, 1906, to December 28, 1906; that from December 28 to January 1, 1907, they were charged to Wm. Youts, or Yutz. The items sold on January 2d are charged to defendant, and defendant's name partially erased, and the words "West Hotel" written in lieu thereof. All the other items are charged to "West Hotel." The bookkeeper for plaintiffs testified that she opened this account with the defendant at the direction of plaintiff Weggenman, that upon December 28 she understood that defendant objected to having the items charged to him individually, because he was employed by the government, and that she took it for granted from this fact that she was to charge the items to Yutz, and did so until about January 1, when plaintiff Weggenman, discovering this fact, directed her not to use the name of Yutz on the sale slips, but to use the name "West Hotel," and pursuant to this direction the slips thereafter were made out to "West Hotel." The plaintiff Weggenman corroborates this, and, besides, testifies that upon November 22 defendant and Yutz came to plaintiffs' place of business, and defendant then said to him that he was sorry that plaintiffs had been "caught" by a former lessee of the West Hotel; that defendant had taken the hotel back and was going to run it himself; that Mr. Yutz would do the buying, and for plaintiff to give Yutz whatever he called for, and charge the same to defendant; that defendant himself came several times and ordered goods for the hotel, and at other times came and inquired why articles ordered had not been delivered. This plaintiff further testified that the plaintiffs furnished the items shown by the books, and that he had the items sold after January 1, 1907, charged to "West Hotel" to accommodate the defendant, and explained that such method was frequently employed in a case of that kind. Plaintiffs' ledger was also introduced in evidence, showing that

all these items were there charged to the defendant. The reasonable value of the articles is admitted.

We think the foregoing summary of the evidence offered on behalf of the plaintiffs is a fair statement of it, considered in its most favorable aspect, and upon this evidence the trial court clearly erred in directing a verdict for the defendant. If believed by the jury, it tended to show that all of the goods, except possibly those ordered on November 21, 1906, were ordered by and delivered to the defendant, and that defendant made his original promise to pay for them. And in this view of the case the trial court properly granted plaintiff's motion for a new trial, since it was clearly error, upon this showing, to direct a verdict for the defendant. While the evidence also seems to be sufficient to justify the plaintiffs in charging the items of November 21, 1906, to defendant, it is not necessary to consider that matter on this appeal.

In this disposition of the case we have not considered the question which was presented and decided in *Sanden* v. *Northern Pacific Ry. Co., ante,* p. 209, 102 Pac. 145, and again considered in *Sutton* v. *Lowry,* just decided.

The order granting a new trial is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.