MITCHELL, RESPONDENT *v.* NORTHERN PACIFIC RAILWAY CO. et al., APPELLANTS.

(No. 4,800.)

(Submitted May 24, 1922. Decided June 10, 1922.)

[208 Pac. 903.]

*Railroads—Federal Control—Judicial Notice—Street Crossing Accident — Parties Defendant — Misjoinder — Contributory Negligence—Evidence—Insufficiency—Trial Practice—Motion for Directed Verdict—Proper Denial.*

Railroads—Federal Control—Evidence—Judicial Notice.
    1. The supreme court takes judicial notice that at the time injuries were sustained through the alleged fault of defendant railway company its properties were in the possession and under the exclusive management and control of the United States through its Director-General of Railroads.

Same—Federal Control—Parties Defendant—Misjoinder.
    2. Since defendant railway company's properties were under federal control at the time plaintiff's automobile was injured, it could not be held responsible for the acts of the government's agents, and therefore the court erred in overruling the company's motion to eliminate its name as a party defendant.

---

1. Federal control of railroad companies generally, see notes in 4 A. L. R. 1680; 8 A. L. R. 969; 10 A. L. R. 956; 11 A. L. R. 1450; 14 A. L. R. 234; 19 A. L. R. 678.

[63 Mont. 500.]

Trial Practice—Motion for Directed Verdict—When Properly Denied.
    3. On motion for a directed verdict, the truth of plaintiff's evidence is to be assumed and regarded in the most favorable light, and if substantial evidence has been introduced prior to the motion which in any manner tends to support his contention, its weight becomes a question for the jury and the motion must be denied.

Railroads — Street Crossing Accident — Destruction of Automobile — Driver's Contributory Negligence—Evidence—Insufficiency.
    4. In an action for the destruction of an automobile by defendant company's engine at a street crossing, evidence *held* not to show that plaintiff was guilty of contributory negligence as a matter of law.

Trial—Offered Instructions—When Properly Refused.
    5. Refusal of an offered instruction fully covered by other paragraphs of the charge is not error.

*Appeals from District Court, Silver Bow County, Edwin M. Lamb, Judge.*

Action by William Mitchell against the Northern Pacific Railroad Company and the Director-General of Railroads. From the judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed as to the Northern Pacific Railway Company and affirmed as to its codefendant.

*Messrs. Walker & Walker* and *Messrs Gunn, Rasch & Hall,* for Appellants, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

Defendants' demurrer on behalf of the Northern Pacific Railway Company, and their motion to substitute the Director-General as the sole defendant, and the first ground of the motion for a directed verdict, should have been sustained. (*Ellis* v. *Atlanta, B. & A. Ry. Co.,* 270 Fed. 279; *Pullman Co.* v. *Sweeney,* 269 Fed. 764; *Haubert* v. *Baltimore & O. R. Co.,* 259 Fed. 211; *Westbrook* v. *Director-General of Railroads,* 263 Fed. 211; *Texas & N. O. R. Co.* v. *Clevenger* (Tex. Civ.), 223 S. W. 1036; *Schumacher* v. *Pennsylvania*

---

4. Care required of driver of automobile at railroad crossing, see notes in Ann. Cas. 1913B, 680; Ann. Cas. 1915B, 767; Ann. Cas. 1916B, 166; 21 L. R. A. (n. s.) 794; 29 L. R. A. (n. s.) 924; 46 L. R. A. (n. s.) 702.

*Ry. Co.*, 106 Misc. Rep. 564, 175 N. Y. Supp. 84, 85; *McGrath* v. *Northern Pac. Ry. Co.* (N. D.), 117 N. W. 383; *Peacock* v. *Detroit etc. Ry. Co.*, 208 Mich. 403, 8 A. L. R. 964, 175 N. W. 580.)

Plaintiff was guilty of contributory negligence, as a matter of law. (*Hunter* v. *Montana Central Ry. Co.*, 22 Mont. 525, 57 Pac. 140; *Sprague* v. *Northern Pac. Ry. Co.*, 40 Mont. 481, 489, 107 Pac. 412; *Sherris* v. *Northern Pac. Ry. Co.*, 55 Mont. 189, 175 Pac. 269; *Fluckey* v. *Southern Ry. Co.*, 242 Fed. 468, 155 C. C. A. 244; *Pershing* v. *Detroit etc. Ry. Co.*, 206 Mich. 304, 172 N. W. 530; *Robison* v. *Oregon W. R. & N. Co.*, 90 Or. 490, 176 Pac. 594; *Piersall's Admr.* v. *Chesapeake & O. Ry. Co.*, 180 Ky. 659, 203 S. W. 551; *Hines* v. *Cooper*, 204 Ala. 535, 86 South. 396; *Glick* v. *Cumberland & W. E. Ry. Co.*, 124 Md. 308, 92 Atl. 778; *Corbet* v. *Hines* (Iowa), 180 N. W. 690; *Griswold* v. *Pacific Electric Ry. Co.*, 45 Cal. App. 81, 187 Pac. 65.)

*Mr. H. J. Freebourn* and *Mr. M. F. Canning,* for Respondent, submitted a brief; *Mr. Freebourn* argued the cause orally.

Defendant railroad company was properly joined with the Director-General of Railroads. (*Palyo* v. *Northern Pacific Ry. Co.*, 144 Minn. 398, 175 N. W. 687; *Rinquist* v. *Duluth, M. & N. R. Co.*, 145 Minn. 147, 176 N. W. 344; *Parkinson* v. *Chicago, M. & St. P. Ry. Co.*, 43 S. D. 161, 178 N. W. 293; *Vann* v. *Southern R. Co.*, 180 N. C. 659, 104 S. E. 170; *Clements* v. *Southern R. Co.*, 179 N. C. 225, 102 S. E. 399; *Hill* v. *Director-General of Railroads*, 178 N. C. 607, 101 S. E. 376; *Parker* v. *Sea Board Air Line Ry.*, 181 N. C. 95, 106 S. E. 755; *Wheeler* v. *Atlantic Coast Line R. Co.*, 25 Ga. App. 281, 103 S. E. 178; *Blevins* v. *Hines*, 264 Fed. 1005; *Scarborough* v. *Louisiana R. & Nav. Co.*, 145 La. 323, 82 South. 286; *Smith* v. *Atlantic Coast Line R. Co.*, 112 S. C. 462, 100 S. E. 148; *Benjamin Moore & Co.* v. *Atchison, T. & S. F. Ry. Co.*, 106 Misc. Rep. 58, 174 N. Y. Supp. 60;

*Salant* v. *Pennsylvania R. Co.,* 188 App. Div. 851, 177 N. Y. Supp. 475, 477; *Friesen* v. *Chicago etc. R. R. Co.,* 254 Fed. 875.)

The court did not err in denying defendants' motion for a directed verdict; the engineer failed to sound the locomotive whistle or to ring the locomotive bell. This was negligence and raised an issue. (*Walters* v. *Chicago etc. Ry. Co.,* 47 Mont. 501, 506, 46 L. R. A. (n. s.) 702, 133 Pac. 357; *Riley* v. *Northern Pac. Ry. Co.,* 36 Mont. 545, 93 Pac. 948; *Sprague* v. *Northern Pac. Ry. Co.,* 40 Mont. 481, 489, 107 Pac. 412; *Hunter* v. *Montana Cent. Ry. Co.,* 22 Mont. 525, 57 Pac. 140.) The locomotive was running at a high rate of speed; the automatic signal bells were not ringing. (*Lake Erie & W. Ry. Co.* v. *Howarth* (Ind. App.), 127 N. E. 804.)

The silence of the crossing bell ringing signals minimized the otherwise imperative duty of looking and listening to some extent, and was some assurance that the crossing was safe. (*Detroit United Ry. Co.* v. *Weintrobe,* 259 Fed. 64, 170 C. C. A. 132.)

MR. COMMISSIONER LENTZ prepared the opinion for the Court.

At about 3 P. M. on February 11, 1919, the plaintiff, while driving a Grant five-passenger automobile, was struck on a public crossing on a continuation of East Mercury Street, half a mile east of the city limits of the city of Butte, by an engine being operated on the railroad of the Northern Pacific Railway Company.

At the point of collision the railroad runs approximately north and south, while the highway crossing is at right angles. To the south of the highway, extending parallel to it and 175 feet from the point of collision, another railway track passes over defendant's track by means of a trestle and dirt embankment thirty feet high. Because of these embankments and a curve farther south, no portion

of defendant's railway tracks extending south of the trestle
can be seen by one traveling west on the highway until he
reaches a point eight·or ten feet from the crossing, where a
view can be had under and beyond the trestle along defend-
ant's tracks to the south. There is an automatic bell-ringing
signal by the side of the highway, forty-five feet east of
the crossing, and another the same distance west. If in good
condition, this signal rings a bell and swings a warning
pendulum when a train is approaching the crossing. The
normal swing of the pendulum is about three feet.

The automobile was destroyed, and plaintiff by complaint
filed July 2, 1919, brought this action for damages, alleging
as negligence on the part of defendants that they were
running the engine at an excessive speed, and that they failed
to blow the whistle, ring the bell, or give any alarm of its
approach, and permitted the automobile bell-ringing signal
to get into defective condition so it would not sound upon
the approach of an engine. Plaintiff had a verdict for $1,150,
upon which judgment was entered. This appeal is from that
judgment and from an order overruling a motion for a new
trial.

I.  Defendant railway company, by appropriate demurrer,
setting out misjoinder, by motion at the opening of the trial,
and by motion for a directed verdict, sought to be eliminated
from the action as a joint defendant with the Director-General.
The demurrer and motions were overruled, and the cause
proceeded to judgment against all defendants.

We take judicial notice that at the time of the injury, and
[1]  the filing of the complaint in this case, defendant com-
pany's railroad was in the possession and under the exclusive
management and control of the United States through its Di-
rector-General, defendant herein, under and by virtue of proc-
lamation of the President effective December 31, 1917 (40 Stat.
1733), pursuant to war power vested in him as commander-
in-chief of the army (sec. 2, Art. II, Const.) by Act of Con-
gress of August 29, 1916, (39 Stat. 619, 645, U. S. Comp. Stats.,

sec. 1974a), later ratified by the Federal Control Act of March 21, 1918 (40 Stat. 451, U. S. Comp. Stats. 1918; U. S. Comp. Stats. Ann. Supp. 1919, secs. 3115¾a–3115¾p). (*Kersten v. Hines*, 283 Mo. 623, 223 S. W. 586; *Hanks* v. *Hines* (Mo. App.), 219 S. W. 978; *Peacock* v. *Detroit etc. Ry. Co.*, 208 Mich. 403, 8 A. L. R. 964, 175 N. W. 580; *Jenkins* v. *Collard*, 145 U. S. 546, 36 L. Ed. 812, 12 Sup. Ct. Rep. 868 [see, also, Rose's U. S. Notes].)

Defendant railway company was completely ousted from all [2] authority over its properties, and it therefore follows that it cannot be held in any way responsible for any acts of negligence occurring on its properties during the time they were under the exclusive management and control of the federal government through its agent, Hines, defendant herein. The demurrer and motion to eliminate the name of the Northern Pacific Railway as a party defendant and its motion for a directed verdict should have been sustained. (*Bryson* v. *Great Northern Ry. Co.*, 61 Mont. 351, 203 Pac. 529; *Missouri Pac. R. Co.* v. *Ault*, 256 U. S. 554, 65 L. Ed. 1087, 41 Sup. Ct. Rep. 593; *Northern Pac. Ry. Co.* v. *North Dakota*, 250 U. S. 135, 63 L. Ed. 897, 39 Sup. Ct. Rep. 502; *Western Union Tel. Co.* v. *Poston*, 256 U. S. 662, 65 L. Ed. 1157, 41 Sup. Ct. Rep. 598; *Texas & N. O. R. Co. et al.* v. *Clevenger* (Tex. Civ. App.), 223 S. W. 1036.)

II. Counsel for defendants earnestly insist that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law, and that their motion for a directed verdict should have been sustained on that ground.

This court has repeatedly held that, on a motion for a [3] directed verdict, the truth of plaintiff's evidence is to be assumed and is to be regarded in the most favorable light; that, if substantial evidence has been introduced prior to the motion which in any manner tends to support the plaintiff's contention, then the weight of the evidence becomes a question for the jury and the motion must be denied. (*Moran* v. *Ebey*, 39 Mont. 517, 104 Pac. 522; *Ball* v. *Gussenhoven*,

29 Mont. 321, 74 Pac. 871; *Lehane Butte* v. *Elec. Ry. Co.,* 37 Mont. 564, 97 Pac. 1038; *In re Carroll's Estate,* 59 Mont. 403, 196 Pac. 996.)

The testimony on the part of plaintiff, if taken as true, [4]   shows that he approached the crossing from the east, traveling at a speed of seven or eight or nine miles per hour; that he was "continually looking north and south and ahead watching the crossing"; that the automatic bell-ringing signal did not ring and the pendulum did not swing except a slight movement as if caused by the wind; that no engine bell was rung and no whistle blown; that when plaintiff's automobile reached a point seven or eight feet from the track the locomotive engine suddenly emerged from beneath the trestle, 170 or 175 feet away, moving at a speed of thirty-five or forty miles per hour, or seven or eight times as fast as plaintiff was going; that plaintiff immediately "pushed on the foot-brake, pushed the clutch, and pulled on the emergency and stopped" with his front fenders extending over the rail, when almost instantly the collision occurred.

Defendant's contention amounts to this: That, considering plaintiff's testimony as true, the engine, traveling at the rate of forty miles per hour, would have required a fraction less than three seconds to move to the point of collision after being discovered emerging from beneath the trestle by plaintiff; that plaintiff, being seven or eight feet from the rails and traveling seven or eight miles per hour, was negligent in failing to stop his automobile in three seconds and in a space short enough to have avoided the collision, which would have been something less than seven or eight feet.

While some of this testimony is contradicted by defendants' witnesses, if considered in the light most favorable to plaintiff, it did not present a situation wherein the lower court was justified in holding that plaintiff was guilty of contributory negligence as a matter of law, and no error was committed in denying the motion for a directed verdict. *(Sprague* v. *Northern Pac. Ry. Co.,* 40 Mont. 481, 107 Pac.

412; *Walters* v. *Chicago, M. & Puget Sound Ry. Co.,* 47 Mont. 501, 46 L. R. A. (n. s.) 702, 133 Pac. 357; *Mason* v. *Northern Pac. Ry. Co.,* 45 Mont. 474, 124 Pac. 271; *Lake Erie & W. Ry. Co.* v. *Howarth* (Ind. App.), 127 N. E. 804; *Detroit United Ry. Co.* v. *Weintrobe,* 259 Fed. 64, 170 C. C. A. 132.)

III. This disposes of defendants' contention that the evidence is insufficient to justify the verdict and is contrary to the law as embodied in the court's instructions to the jury.

IV. Defendants' offered instruction No. D–7 was amply [5] covered by other instructions submitted to the jury and no error was committed in refusing to give it.

We recommend that the judgment and order appealed from be affirmed as to defendants Walker D. Hines, Director-General of Railroads, and A. A. Melton, and that the judgment be reversed as to the defendant the Northern Pacific Railway Company, and that respondent recover his costs on appeal.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed as to defendants Walker D. Hines, Director-General of Railroads, and A. A. Melton, and the judgment is reversed as to the defendant the Northern Pacific Railway Company; respondent to recover his costs on appeal.

Rehearing denied July 3, 1922.