BACKER, Respondent, *v.* PARKER–MORELLI–BARCLAY MOTOR CO., Appellant.

(No. 6,532.)

(Submitted November 26, 1929. Decided March 15, 1930. Opinion on Motion for Rehearing Filed June 23, 1930.)

[289 Pac. 571.]

Mr. *Timothy Nolan* and Mr. *Harlow Pease,* for Appellant, submitted a brief; Mr. *Pease* argued the cause orally.

*Mr. M. S. Galasso* and *Mr. M. J. Doepker,* for Respondent, submitted a brief; *Mr. Doepker* argued the cause orally.

HONORABLE CHARLES W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

This is an action for damages for breach of contract for the sale of a second-hand automobile. Verdict and judgment were for the plaintiff. Defendant's motion for a new trial was denied, and it appealed from the judgment.

The specifications of error raised the following questions: The sufficiency of the complaint, the amendment of the complaint by direction of the court, rulings of the court on objections to testimony, and the sufficiency of the evidence.

The complaint alleges that on September 11, 1926, plaintiff and defendant entered into a contract, a copy of which is attached and made a part of the complaint; that the contract was dated September 11, 1927, by mutual consent; that the price of the car purchased was $1,100; that, as a part of the purchase price, plaintiff delivered to the defendant another car for an allowance of $300; that the defendant agreed to deliver the car purchased on the payment of $140 of the balance of the purchase price; that about March 1, 1927, plaintiff, having paid defendant $110, tendered $30 and demanded the purchased car; that defendant refused to deliver the car. The value of the car turned in is alleged to be $300. The complaint further alleged that the defendant had not at any time demanded security for the balance of the purchase price. This allegation was an amendment to conform to proof, made by the court, pending motion for nonsuit, referred to hereafter. The contract attached to the complaint was prepared by filling in blanks of a printed form. It is set forth here with the filled in portions in italics. The face of the contract is as follows: "Parker-Thompson Motor Co. Duplicate. Retail order form. Date *Sept. 11, 1927.* Gentlemen: Please enter my order for one *Hudson Coach (Used).* Sales Price of

Car *1100.00.* Total Cost of Car and Equipment *1100.00.* Deduct Used Car Allowance *300.00.* Balance Due Upon Delivery *800.00.* Remarks: *Terms on balance—140.00 Due on Delivery of Car.* I hereby transfer one *Paige* Motor No. *78549.* Serial No. *78487,* which I now deliver to you free and clear of all liens and incumbrances. I have read the printed matter on the back of this order and I agree to it as a part of this order as if it were printed above my signature. The front and back of this order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning the goods hereby ordered has been entered into or will be recognized. I hereby acknowledge receipt of a copy of this order. *Albert Backer* Purchaser *121 W. Porphyry Butte, Mont. Wm. G. Hudson,* Witness-Salesman. Accepted: Broadway Garage Co. *T. J. Morelli Sales* Manager.'' The matter printed on the back, omitting what has no bearing on the controversy, is as follows: ''The following is part of the agreement between purchaser and dealer, entered into on the other side of this form: I agree to pay balance of the purchase price on delivery of car or to give such security for payment as you may require. If the balance of the full purchase price is not settled by me within fifteen days after notice that said motor car is ready for delivery you may cancel this order and retain all payments paid by me as liquidated damages, if said motor car is not ready for delivery as specified cash deposit shall be returned to me upon demand, together with used car deposit as part payment, if any, or proceeds thereof, if sold, less cost of repairing said used car and 15% of sale price for handling, and you shall not be liable for damages for non-delivery. The title to and right of possession of said motor car shall remain in you until conveyed or until the full purchase price is paid in money.'' The action was brought against the Broadway Garage Company. Subsequently the name of the defendant was changed, and substitution of name made by consent of the parties.

The words ''Terms on balance—140.00 due on delivery of car'' written on the face of the contract clearly sup-

planted the prior printed provision "balance due upon delivery." The printed words must give way to the written words. (Sec. 10523, Rev. Codes 1921.)

While nothing is set forth on the face of the contract ▊ respecting the payment of the remaining $660, the fact is that sum was not payable for one year—not until September 1, 1927, the contract being postdated. It is our duty to reconcile all of the provisions of the contract, if it is possible to do so. On the back of the contract this language appears: "I agree to pay balance of the purchase price on delivery of car or to give such security for payment as you may require." We think this provision can be reconciled with that requiring the payment of "140.00 due on delivery of car"; that is, plaintiff agreed to pay $140 upon delivery of the car, and, at defendant's option to give such security for payment of the balance as the seller required. This evidently was the construction placed upon the two provisions by the trial court, resulting in the amendment of the complaint.

While the words "140.00 due on delivery" might possibly require delivery on payment of that sum, section 7600, Revised Codes 1921, requires delivery within a reasonable time after demand. Since the complaint alleges delivery was refused on demand, the question as to whether the time expiring before suit was reasonable need not be considered. The complaint mentioned herein was the third amended complaint, and the record does not disclose when the action was commenced. It is apparent that the complaint shows the defendant breached its contract and is responsible to plaintiff in damages.

At the close of plaintiff's case, pending motion for nonsuit, ▊ the court ordered the complaint amended, the trial judge remarking that the amendment would avoid what appeared to be no more than a technical variance, by substituting the words, "That at no time prior to the commencement of this action did the defendant demand or require of the plaintiff any security whatever for the payment of the balance of the purchase price, to-wit, the sum of $660.00, as a condition to

the delivery to the plaintiff of said Hudson coach automobile,''
for the words "That it was understood and agreed between
plaintiff and the defendant at the time said contract was en-
tered into that upon the transfer and delivery by the plaintiff
to the defendant of the said Paige automobile and the pay-
ment by the plaintiff to the defendant of the sum of $140.00
defendant would thereupon deliver to the plaintiff the said
Hudson coach automobile and would not require of the plain-
tiff any security for the balance of the payment.'' The action
of the court was not erroneous. (21 Cal. Jur. 211.) In our
opinion the complaint stated a cause of action before amend-
ment, but if it were conceded that it lacked substance before
amendment, clearly it stated a cause of action thereafter.

What was said by this court in *DeCelles* v. *Casey*, 48 Mont.
568, 139 Pac. 586, is peculiarly applicable here: "Counsel con-
tend also that the court had no power to permit or direct an
amendment, at that stage of the trial. Wherein the defend-
ants suffered prejudice by reason of it, however, is not pointed
out; nor is prejudice disclosed by the record. The power to
allow or disallow amendments at any stage of the trial is
within the discretion of the court. If no abuse is shown,
the court's action will be approved on appeal. This discre-
tionary power authorizes a court in proper cases, even on its
own motion, to direct an amendment if in its opinion a non-
suit or mistrial may be avoided.''

During the direct examination of the plaintiff, he was asked,
"Did Mr. Hudson or any officer of the Broadway Gar-
age at any time ask you to furnish any security before he
would deliver the car?'' The question was objected to upon
the grounds that plaintiff was seeking to vary the terms of a
written instrument and that such evidence was not admissible
under the pleadings. The objection was overruled and the
plaintiff answered "No, sir.'' Assuming, but not deciding,
that the evidence when offered was not admissible under the
pleadings as they then stood, it does not follow that defend-
ant was prejudiced by the admission of the evidence. As
before stated, the court did not err in allowing the amend-

ment to the complaint. If the court had sustained the objection and then had permitted the amendment to the complaint, undoubtedly the evidence would have been admissible. To state the matter a different way: the trial court could have allowed the plaintiff, after the amendment, to again offer the proof. This would have been an idle ceremony, which the law does not demand. (Sec. 8761, Rev. Codes 1921.)

While an amendment to a pleading should never be allowed during trial to the injury of the party against whom the amendment is made, there is no showing that defendant was injured by the court's action. Under the circumstances, the error in admitting the evidence complained of and allowing the amendment to the complaint was harmless. Courts will not reverse cases merely because error is shown. To warrant a reversal the error must be shown to have prejudiced the rights of the person who urges it.

Plaintiff was asked on direct examination: "Calling your attention to this part of the contract here 'Remarks; Terms on balance $140.00 due on delivery' which is in handwriting, and this portion of the contract on the back, which is in printed form, which reads as follows: 'I agree to pay the balance of the purchase price on delivery of car or to give such security for payment as you may require,' was there any explanation at that time made by Mr. Hudson respecting what was intended by those two provisions, the one in handwriting there and the one in printed form?" The answer was, "No, Mr. Hudson told me that they didn't have the contracts made for used cars; he says we have them ordered; we have not got them, he says, 'We are going to put "used" in this corner up here, and down here where it says "Remarks," ' he says, 'We will put this here "Balance due on delivery $140.00," ' and he says that 'here is the back of it, because we haven't got any contract for used cars.'" The question was objected to, but the testimony was clearly not prejudicial.

Error is assigned on the action of the court in sustaining an objection to the following question, which counsel for defendant asked its witness, Hudson, the agent who sold the car:

"Now did you have authority to bind the Parker-Morelli-Barclay Motor Company, or the old Broadway Garage Company to deliver property to any other persons—to any of the persons that you solicited, any property of the Broadway Garage Company, without its consent?" The execution of the contract was admitted. What has been said about the construction of the contract shows that the question of the agent's authority to bind the company to deliver the car was of no importance, and here again the defendant fails to show that it was injured by the ruling.

Witness, Hudson, was asked by defendant's counsel: "Did you ever tell him that the title to the car, to the Hudson car, would be retained by the Broadway Garage Company, the title would be retained until he had paid for it; did you tell him that he would get the title as soon as it was delivered to him, or did you tell him that the title would be retained until paid for?" An objection to the question was sustained, and defendant assigns error. Since the contract provided the title should remain in the company until the car was fully paid for, defendant was not prejudiced by the exclusion of the testimony.

The discretion which the court exercised in refusing to grant a new trial on the ground of the insufficiency of the evidence was not abused, and we cannot interfere. The evidence was conflicting. The testimony of plaintiff supported the material allegations of his complaint, and the jury believed him, as was their right. We are not prepared to say that they reached a wrong conclusion. (*Gardiner* v. *Eclipse Grocery Co.*, 72 Mont. 540, 234 Pac. 490.)

On petition for rehearing the former opinion rendered herein is withdrawn, and this one is substituted therefor. The petition for rehearing is denied.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.