STATE ET AL., RESPONDENTS, *v.* ANDERSON ET AL., APPEL-
LANTS.

(No. 6,976.)

(Submitted June 13, 1932.  Decided July 9, 1932.)

[13 Pac. (2d) 228.]

314

*Mr. S. P. Wilson,* for Appellants, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. S. R. Foot,* Assistant Attorney General, and *Mr. John W. Bonner,* Counsel for the State Highway Commission, for Respondents, submitted a brief; *Mr. Bonner* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought by the state highway commission to condemn lands for a right of way for a state highway from Maxville to Drummond. The highway crosses the land of defendants in Granite county, taking 3.09 acres thereof, and runs parallel to a railroad right of way traversing defendants' land. No question was raised regarding the right of plaintiffs to condemn the land. The controversy was waged over the amount of compensation to be awarded to defendants Anderson.

The commissioners appointed to ascertain and determine the compensation fixed the amount at $1,607, which included $252 for 168 rods of fence, and $155 as the value of the 3.09 acres taken. From the award made by the commissioners, plaintiffs appealed to the district court, where the question was tried to a jury. The jury, after hearing evidence offered by both parties and after viewing the premises, fixed the value of the 3.09 acres taken at $77.25 and awarded $2,774.75 for damages to the "remaining land by reason of its severance from the part taken and the construction of plaintiffs' road." Plaintiffs' motion for a new trial was granted, and this appeal was taken from the order granting the motion.

The motion for new trial was based upon excessiveness of the verdict, insufficiency of the evidence and other statutory grounds. The order does not specify the ground upon which the motion was granted. If the order was proper upon any ground stated in the motion, it must be affirmed. (*Rhoades* v. *Ness,* 53 Mont. 322, 163 Pac. 559; *White* v. *Barling,* 36 Mont. 413, 93 Pac. 348; *Parsons* v. *Rice,* 81 Mont. 509, 264 Pac. 396.) And this is so even though the order specified the ground upon which it was granted but can only be justified on some other ground stated in the motion. (*Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892; *Loncar* v. *National Fire Ins. Co.,* 84 Mont. 141, 274 Pac. 844.) Where the evidence is conflicting, the granting or refusing of a new trial is lodged in the sound legal discretion of the trial court, and its action will not be disturbed unless there has been a manifest abuse of discretion. (*Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455; *Case* v. *Kramer,* 34 Mont. 142, 85 Pac. 878; *McVey* v. *Jemison,* 63 Mont. 435, 207 Pac. 633; *Gardiner* v. *Eclipse Grocery Co.,* 72 Mont. 540, 234 Pac. 490; *Backer* v. *Parker-Morelli-Barclay Motor Co.,* 87 Mont. 595, 289 Pac. 571; *Russell* v. *Sunburst Refining Co.,* 83 Mont. 452, 272 Pac. 998.)

Defendants, conceding the correctness of these principles in the ordinary case, contend they have no application to a condemnation proceeding. In substance, they contend that it is the province of the jury to fix the damages from the evidence and their view of the premises, and that the court should not interfere with the jury's determination.

When the assessment of damages is submitted to a jury after a prior assessment by commissioners, as here, the nature of the proceedings depends upon statutory provisions. (20 C. J. 1003, note 13, and 1010.) In this state the statutes, sections 9008 to 9833, Revised Codes 1921, being the statutes applicable to ordinary civil actions, constitute the rules of practice in condemnation proceedings, except as otherwise provided. (Sec. 9954, Id.) Section 9947, as amended by Chapter 145, Laws of 1927, provides that upon appeal from the award

of the commissioners the damages ''shall be re-assessed upon the same principle as hereinbefore prescribed for the assessment of such damages by commissioners.'' This simply means that the assessment shall be made conformably to section 9944, Revised Codes 1921, which has to do with a finding on the separate items of damages. Section 9350, which is a part of the Code of Civil Procedure, embraced within the sections referred to by section 9954, permits a view of the premises. In the ordinary civil action, where the jury has viewed the premises under order of the court, their verdict is not conclusive. (*Ormund* v. *Granite Mt. Min. Co.*, 11 Mont. 303, 28 Pac. 289; *White* v. *Barling*, 36 Mont. 413, 93 Pac. 348.) The purpose of the view is to enable the jury to apply the evidence and to determine the truth of the statements made by the witnesses. (*Ferris* v. *McNally*, 45 Mont. 20, 121 Pac. 889.)

''In some cases it has been stated that the object of a view is merely to enable the jury better to understand and apply the evidence given in court, and that the view is not itself evidence upon which the verdict may be based. But the general rule is that the jury shall consider the testimony of the witnesses in connection with the facts as they appeared upon the view, and shall ascertain the damages upon the whole case, as thus presented, even if, in so doing, they arrive at a conclusion not in accord with the weight of testimony. That the jury cannot disregard the evidence and render a verdict based solely upon their personal view of the premises is held in all jurisdictions, except where the proceedings are under statutes which expressly exclude the idea of a jury trial in court, and provide for a determination of the case upon the view alone.'' (20 C. J., sec. 406, p. 1013.)

Ordinarily, where there has been a view of the premises and there is evidence to sustain the award, the court will not set it aside. But if it appears that the verdict or finding is excessive, the weight of authority sustains the right of the court to set it aside and grant a new trial. (20 C. J., pp. 1046, 1047.) This is clearly the rule in this state, where, by stat-

ute, the procedure in ordinary civil cases is made applicable to condemnation proceedings. The right to grant a new trial in a condemnation case for excessive damages was recognized in *Helena & Livingston S. & R. Co.* v. *Lynch*, 25 Mont. 497, 65 Pac. 919, and in *State ex rel. State Highway Com.* v. *Speidel*, 87 Mont. 221, 286 Pac. 413, and the same rule applies in a proper case where there has been a view of the premises by the jury.

The evidence necessary to be considered on the question of the amount of damages sustained by defendants, briefly summarized, was as follows: Defendants' entire lands consist of 1,040 acres which are operated as a unit and used as a cattle ranch. Eighty acres lie east of the new road and the remainder on the west. Most of the land east of the road is used as a pasture, on which there is water at all times and on which the ranch buildings are situated. The land on the west of the highway and railroad is used for the purpose of growing hay and grain, and on which there is no water in the winter. About 500 acres on the west of the road are under cultivation. The ranch will accommodate about 500 or 600 head of cattle. The road runs parallel to and abuts the railroad right of way on the east. In the usual operation of the ranch the hay is stacked on the west of the railroad and the cattle are there fed in the winter. It is not practical to get water on the west of the railroad in the winter, and the cattle are permitted to pass over the railroad to watering places on the east side of the railroad. There is but one train each way daily passing over the railroad and, in consequence, there is no inconvenience in permitting the cattle to drift at will over the railroad. There is evidence that it will not be possible to permit the cattle to drift over the highway from the west to the east for the purpose of reaching water, because of the attendant danger to the traveling public as well as to the livestock. There was evidence of the cost of hiring a man and saddle-horse to move the cattle back and forth from the feeding and watering places, but by its

instructions the court advised the jury to disregard that evidence, and we need not give it further consideration.

There is no substantial conflict in the evidence as to the value of the land of defendants actually taken by plaintiffs for the road. That value was fixed by plaintiffs' witnesses at from $25 to $45 per acre, and there could be and is no complaint of the sum awarded by the jury for that item of damages. Plaintiffs' witnesses fixed the damages to the remaining portion of the ranch at $200 or $300. Defendants' witnesses fixed the damage to the remaining portions of the land at from $5,000 to $6,000. They gave no basis upon which to arrive at that figure, excepting the cost of hiring a man to drive the cattle back and forth between the place of feeding and the place of watering, which evidence, as above stated, the jury was instructed to disregard.

Plaintiffs' witnesses said there would be needed 84 rods of fence at $1.25 per rod, while defendants' witnesses testified there would be required 168 rods of fence, which defendants said would cost $1.50 per rod. The evidence, therefore, as to the extent of the damages to the remaining lands of defendants was sharply conflicting, and that of defendants was unsatisfactory, in that it failed to show the basis upon which the witnesses computed it.

It is not manifest to us that the court abused its discretion, under the circumstances here shown, in granting a new trial on the ground that the amount awarded by the jury was excessive. In consequence, the order appealed from is affirmed.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS, HONORABLE WELLINGTON H. MEIGS and HONORABLE LYMAN H. BENNETT, District Judges, sitting, respectively, in place of JUSTICES GALEN and FORD, disqualified, concur.