STATE, Respondent, *v.* ESTEP, Appellant.

(No. 7,560.)

(Submitted September 21, 1936. Decided September 25, 1936.)

[61 Pac. (2d) 830.]

*Mr. Jess L. Angstman,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. Enor K. Matson,* Assistant Attorney General, and *Mr. Oscar C. Hauge,* County Attorney of Hill County, for the State, submitted a brief; *Mr. Edmund T. Fritz,* Special Assistant Attorney General, argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Merlin Estep was convicted of grand larceny in the district court of Hill county and sentenced to serve a term in the state prison. Motion for a new trial was made upon the ground of newly discovered evidence. Affidavits were filed by the defendant and the state, and thereafter the court denied the motion. This appeal is from the judgment and from the order denying defendant's motion for new trial.

Two assignments of error were made, viz.: (1) That the evidence is insufficient to support the verdict and judgment; and (2) that the court erred in overruling the motion for a new trial.

The evidence adduced by the state was to the effect that one John Koltveit was the owner of a certain bay mare; that this mare gave birth to a colt, the subject of the alleged larceny, in the spring of 1928; that Koltveit branded this colt when it was about three months old and saw it at different times from then on until the date of the alleged larceny, with the exception of a period when Koltveit was absent from Montana and in the Dominion of Canada; that in the spring of 1932 he observed that a bar had been burned through this brand and that the defendant's brand had also been placed on the colt; that at the time the colt was in the pasture of the defendant, and about that time he was advised that two animals, one that he claimed to be the mother of the colt in question, had been shot near the premises of the defendant; that he reported this matter to the sheriff of Hill county, who sent stock inspectors and others to view the bodies of the dead animals. At the trial these persons testified that the animals had been shot and that bullet holes showed plainly in their skulls. Defendant admitted placing his brand on the colt and that he sold it in May, 1935, but delivery was halted by the sheriff. The evidence of the prosecuting witness Koltveit was substantiated by the testimony of at least two other witnesses as to the fact of the maternity of the colt in question.

The defendant asserted that the animal belonged to him and was a colt of a saddle mare used by the members of the family, and that it was foaled on his place on the 1st day of July, 1927. He, his wife and two boys testified positively in support of this contention.

It will thus be observed that the matter as presented to the district court involved the maternity and the ownership of the animal. If the animal was the colt of defendant's saddle mare, of course no larceny occurred; if, on the other hand, it was the colt of the mare owned by the prosecuting witness Koltveit, there was a larceny. The matter was submitted to the jury under appropriate instructions.

The first assignment of error goes to the weight and sufficiency of the evidence. The appellant, defendant, asserts that

the conviction rests upon conjectures, suspicions and probabilities, and, therefore, cannot stand. The state asserts that the testimony as to the maternity of the colt, and therefore the ownership, was plain, positive and unequivocal. A fair reading of the record discloses the fact that a positive and definite issue was presented by the testimony in the case. There was direct and positive evidence on both sides of the issue.

The prosecuting witness and other state witnesses, assuming ▮ to testify from personal knowledge, gave certain and and positive evidence. The defendant and his witnesses likewise testified unequivocally to the contrary and based such testimony on personal knowledge. The jury found in behalf of the state; therefore we are unable to see that the claim of defendant that the conviction rests upon suspicions, conjectures or probabilities can be sustained. No clearer case of conflicting theories can be imagined. Neither theory rested on conjecture, suspicion or circumstantial evidence, but each rested emphatically upon direct testimony, so that without going into the details of the testimony given by the various witnesses, we are driven to the conclusion that the jury would have been justified under the evidence in finding in favor of either contention. Having found in favor of the state and against the defendant, we are not justified in disturbing the verdict. The rule in this respect is so fundamental and elementary that no citation of authority is required.

The other assignment of error involves the motion for a new trial as based upon affidavits relative to newly discovered evidence. Defendant submitted seven affidavits. An examination of the contents of these affidavits discloses the fact that most of them tender matter cumulative in character. One Poore detailed facts with relation to the visibility of the brand on the animal. This matter was involved in the trial and doubtless considered by the jury. One Aageson assumed to go into the facts with relation to the discovery of the bodies of the dead horses found near the home of the defendant. This matter was likewise involved in the trial.

One Koble asserted that the mare of the defendant, claimed to be the mother of the animal in question, did have a colt in 1927. This matter was all before the court at the trial. One Wise described the condition of the brands. This was likewise a repetition of matters presented at the trial. One Stenwick detailed the alleged fact that the defendant's mare did give birth to a colt in 1931. We see no relevancy in this affidavit. One Jestrab detailed facts in support of the claim that the Estep mare did have a colt in 1927, and that the colt was with the mare around the Estep ranch in the fall of that year and at subsequent times. This affidavit presented cumulative matter. One Gilbertson detailed facts with relation to the presence of the animal in question at the Estep ranch shortly before the sale thereof. This matter was immaterial and cumulative. In reality, the affidavits do not present any substantial new evidence except such as may fairly be designated as cumulative.

This court has heretofore recognized and announced certain rules with relation to motions for new trials. These rules are as follows: (1) That the evidence must have come to the knowledge of the applicant since the trial; (2) that it was not through want of diligence that it was not discovered earlier; (3) that it is so material that it will probably produce another result on another trial; (4) that it is not cumulative merely; (5) supported by the affidavit of the witness; and (6) that the evidence must not be such as will only tend to impeach. (*State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881.)

It is obvious that all of the matters contained in the affidavits with relation to the identity of the colt, condition of the brands and kindred subjects, were in issue at the trial of the cause, in fact, they were the very essence of the controversy; so that it cannot be said that the affidavits can be more than cumulative. This matter has received extensive treatment by this court in numerous cases. (*State* v. *Gangner,* 73 Mont. 187, 191, 235 Pac. 703; *State* v. *Matkins,* supra; *State* v. *Prouty,* 60 Mont. 310, 315, 199 Pac. 281; *State* v. *Van*

*Laningham,* 55 Mont. 17, 27, 173 Pac. 795; *Orton* v. *Bender,* 43 Mont. 263, 115 Pac. 406; *State* v. *Hughes,* 78 Mont. 87, 89, 252 Pac. 320; *State* v. *Miller,* 97 Mont. 434, 34 Pac. (2d) 979, 982.)

Motions for new trials on the ground of newly discovered evidence are not favored by the courts. This matter has likewise been discussed at great length by this court on numerous occasions, notably in the case of *State* v. *Matkins,* supra, and later in the case of *State* v. *Miller,* supra. It is not necessary to repeat what was therein announced. It is sufficient to say that the motion for a new trial did not appeal to the sound discretion of the trial court. (*State* v. *Broell,* 87 Mont. 284, 286 Pac. 1108; *State* v. *Hamilton,* 87 Mont. 353, 287 Pac. 933; *Maki* v. *Murray Hospital,* 91 Mont. 251, 7 Pac. (2d) 228; *Case* v. *Kramer,* 34 Mont. 142, 85 Pac. 878; *State* v. *Anderson,* 92 Mont. 313, 13 Pac. (2d) 228; *Wibaux Realty Co.* v. *Northern Pacific Ry. Co.,* 101 Mont. 126, 54 Pac. (2d) 1175.)

The considerations upon which the motion rests do not appeal to this court. It is impossible to say that the cumulative evidence suggested in the affidavits is "so overwhelmingly convincing as to compel the conclusion that to sustain the verdict would be gross injustice." (*State* v. *Miller,* supra.) In fact, the so-called new evidence, in addition to being largely cumulative, was not particularly impressive. We cannot say that the trial court manifestly abused its discretion in denying defendant a new trial.

"The refusal to grant a new trial for insufficiency of the evidence will not be disturbed on appeal where the evidence was conflicting and tended to support the verdict." (*State* v. *Simanton,* 100 Mont. 292, 49 Pac. (2d) 981, 987.)

Judgment and order affirmed.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, did not hear the argument and takes no part in the above decision.