No. 95-021

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

SUSAN SCHNEELOCH,

      Plaintiff and Appellant,

v.

WILLIAM R. CORNMAN and JOAN R. CORNMAN,
and all other persons unknown, claiming,
or who might claim any right, title, estate,
or interest in or lien or encumbrance
upon the real property described in the
Complaint adverse to the Plaintiff's
title thereto, where such claim or
possible claim be present or contingent,

      Defendants and Respondents.

FILED

JUN 19 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twenty-First Judicial
                District, In and for the County of Ravalli,
                The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Michael Sol, Sol & Wolfe,
           Missoula, Montana

      For Respondent:

           Timothy D. Geiszler, Geiszler & Newcomer,
           Missoula, Montana

                      Submitted on Briefs:  April 20, 1995

                                 Decided:  June 19, 1995

Filed:

_____
                Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiff, Susan Schneeloch, filed a complaint in the District Court for the Twenty-First Judicial District in Ravalli County to quiet title to certain real estate and to recover damages from the defendants, William R. and Joan R. Cornman. The Cornmans filed a counterclaim in which they sought title to the same property.

Following a nonjury trial, the District Court found that the Cornmans were the owners in fee simple and entitled to possession of the real property described in Schneeloch's complaint. The District Court also awarded costs and attorney fees to the Cornmans, and entered judgment in their favor. Schneeloch appeals from the District Court's findings, conclusions, and judgment. We affirm the judgment of the District Court in part and reverse in part.

The following issues are dispositive on appeal:

1. Were the District Court's findings of fact clearly erroneous?

2. Did the District Court err when it awarded attorney fees to the Cornmans?

### FACTUAL BACKGROUND

On August 28, 1992, Susan Schneeloch filed a complaint against William R. and Joan R. Cornman. Schneeloch requested that title be quieted to a five acre tract of land located in Ravalli County next to her home, and sought damages from the Cornmans as well.

2

On December 8, 1992, the Cornmans filed an amended answer and counterclaim. They alleged that they, not Schneeloch, were entitled to judgment quieting title to the property.

During a nonjury trial, Schneeloch testified that she met Joan Cornman in 1987 while looking at a parcel of five acres that Joan owned; she stated that she contacted the Cornmans again in 1990 in an effort to purchase the five acre parcel of property and that they agreed to accept $8000 in cash for the parcel; according to her, the Cornmans prepared a warranty deed and a realty transfer certificate, which they executed, along with a receipt for the $8000, and they gave all three documents to her.

She also testified that because her husband became angry at her for spending this money without consulting him, she hid the real estate documents in some magazines. However, due to perceived threats from the Internal Revenue Service, Schneeloch then decided to have title to the property transferred to a third person. She asked the Cornmans to prepare a second deed transferring title to James Carpenter. According to Schneeloch, they agreed to do so and executed a deed for that purpose.

Schneeloch put this deed away as well. However, she continued to explain that after returning from vacation, she found that her husband and son had cleaned the house and moved the stack of magazines in which she had placed the envelope containing the original deeds. Her husband had even burned certain items. She contacted the Cornmans again in early July 1990 and told them she believed the deed had been lost or destroyed. The Cornmans had

3

other buyers for the property, and Schneeloch attempted to contact these new buyers. Later, in September 1990, Schneeloch found and recorded the Carpenter deed. She later found the original deed.

Schneeloch testified that it was around mid-September 1990 when she found both documents. Schneeloch was charged with forgery of the signatures on these deeds; however, these charges were later dropped.

The Cornmans' testimony contradicted the previous allegations in every material respect. Joan Cornman testified that she did not sign an original warranty deed from the Cornmans to Schneeloch on April 30, 1990; that she did not prepare a realty transfer certificate; and that she did not receive any cash from Schneeloch. She also denied executing the second warranty deed by which the property was allegedly conveyed to James Carpenter.

Detective James Bailey of the Ravalli County Sheriff's Office stated that he investigated this deed dispute in 1990. He stated that he received many inconsistent statements from Schneeloch, and that she did not cooperate with him during the investigation.

William Cornman testified that he was familiar with the April 30 and May 15 warranty deeds and that he did not sign either deed. William, like Joan, testified that he did not receive $8000 from Schneeloch. Schneeloch's husband and son, and James Carpenter, did not testify.

## ISSUE 1

Were the District Court's findings of fact clearly erroneous?

4

We will not overturn the findings of a trial court sitting without a jury unless the trial court's findings are clearly erroneous. *Interstate Production Credit Ass'n v. DeSaye* (1991), 250 Mont. 320, 322, 820 P.2d 1285, 1287 (citing Rule 52(a), M.R.Civ.P.).

Schneeloch argues that the District Court made findings unsupported by the evidence and that her allegations are corroborated by the circumstances, but that the Cornmans' allegations are not. She contends that the District Court disregarded the evidence at trial, including uncontroverted opinion evidence, and impermissibly based its decision on her lack of credibility. Schneeloch also asserts that properly notarized deeds are presumed to be authentic and cannot be controverted absent clear and convincing evidence to the contrary.

The Cornmans respond that the District Court's findings are supported by substantial evidence, that the District Court was not bound by the testimony of any single witness, and that there was clear and convincing evidence to overcome any presumption that attached to the notarized deeds.

We have held that substantial evidence "'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Accounts Management Corp. v. Lyman Ranch* (1987), 230 Mont. 35, 41, 748 P.2d 919, 923 (quoting *Bushnell v. Cooke* (1986), 221 Mont. 296, 300, 718 P.2d 665, 668).

We have also held that even if conflicting evidence is presented, it is a trial court's duty to resolve such conflicts;

5

due regard is to be given to the trial court's ability to judge the credibility of witnesses; and it is not our function to substitute our judgment for that of the trial court. *Williams v. DeVinney* (1993), 259 Mont. 354, 359, 856 P.2d 546, 549 (citing *DeSaye*, 820 P.2d at 1287-88). The District Court found that Schneeloch's testimony was not credible, was misleading, and that she tended to be evasive. By contrast, the District Court found that the Cornmans' testimony was corroborated, unequivocal, and unqualified. The District Court especially found Joan Cornman's testimony that she would never sign a blank warranty deed to be highly credible.[1]

The Cornmans testified that they had never received any money from Schneeloch and that they had not signed the original warranty deeds in question. We have previously stated that it is within the province of the district court in a nonjury case to judge the credibility of the witnesses and to determine the weight to be given to their testimony, especially when the evidence is contradictory. *Neils v. Deist* (1979), 180 Mont. 542, 547, 591 P.2d 652, 655 (citing *Olson v. Carter* (1977), 175 Mont. 105, 107, 572 P.2d 1238, 1239). *See also* § 26-1-301, MCA. We will not second guess the determination of the district court. A review of the record reveals substantial evidence on which the District Court could base its findings of fact and we conclude that they were not clearly erroneous.

---

[1]    Schneeloch contended that the deed to Carpenter was executed without the transferee's name and that she later filled it out.

6

The judgment of the District Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
                        Justice

We concur:

_____

_____

_____

_____
            Justices

8